# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: <u>1:13−cv−00993−RJL</u>
### *Internal Use Only*

SOLENEX LLC v. BERNHARDT et al
Assigned to: Judge Richard J. Leon
 Cases:  1:20−cv−03511−RJL
       1:17−cv−00609−RJL
 Case in other court:  USCA, 18−05345
              USCA, 14−05193
              USCA, 18−05343
Cause: 05:551 Administrative Procedure Act

Date Filed: 06/28/2013
Jury Demand: None
Nature of Suit: 893 Environmental Matters
Jurisdiction: U.S. Government Defendant

**<u>Plaintiff</u>**

**SOLENEX LLC**
*A Louisiana Limited Liability Company*

represented by **David C. McDonald**
MOUNTAIN STATES LEGAL
FOUNDATION
2596 South Lewis Way
Lakewood, CO 80227
(303) 292−2021
Fax: (303) 292−1980
Email: dmcdonald@mslegal.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ivan L London**
SQUIRE PATTON BOGGS (US) LLP
717 17th Street
Suite 1825
Denver, CO 80202
720−278−6481
Email: ivan.london@squirepb.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Zhonette M. Brown**
MOUNTAIN STATES LEGAL
FOUNDATION
2596 S. Lewis Way
Lakewood, CO 80227
(303) 292−2021
Fax: (303) 292−1980
Email: zhonette@mslegal.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jessica J. Spuhler**

1

MOUNTAIN STATES LEGAL
FOUNDATION
2596 South Lewis Way
Lakewood, CO 80227
(303) 292–2021
Fax: (303) 292–1980
Email: jspuhler@mountainstateslegal.com
*TERMINATED: 12/20/2013*
*PRO HAC VICE*

**Steven James Lechner**
LECHNER LAW FIRM, LLC
P.O. Box 351743
Westminster, CO 80035–1743
(720) 936–8363
Email: steve@lechnerlawfirm.com
*TERMINATED: 05/10/2018*

**William Perry Pendley**
WILLIAM PERRY PENDLEY
P.O. Box 1983
Evergreen, CO 80437
(303) 324–7254
Email: sagebrushrebel@reagan.com
*TERMINATED: 09/16/2020*

V.

**Defendant**

| | |
|---|---|
| **S. M. R. JEWELL** | represented by **Clare Marie Boronow** |
| *Secretary, US Department of the Interior,* | U.S. DEPARTMENT OF JUSTICE |
| *in her official capacity* | Environment and Natural Resources |
| *TERMINATED: 05/22/2017* | Division |

999 18th Street
South Terrace, Suite 370
Denver, CO 80202
(303) 844–1362
Fax: (303) 844–1350
Email: clare.boronow@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Marissa Ann Piropato**
U.S. DEPARTMENT OF JUSTICE
ENRD
P.O. Box 7611
Washington, DC 20044–7611
(202) 305–0470
Email: marissa.piropato@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John S. Most**
DEPARTMENT OF JUSTICE
Land & Natural Resources Div.
Ben Franklin Station
P.O. Box 7611
Washington, DC 20044–1420
(202) 616–3353
Fax: (202) 305–0506
Email: john.most@usdoj.gov
*TERMINATED: 11/02/2020*

**Ruth Ann Storey**
U.S. DEPARTMENT OF JUSTICE
Environment & Natural Resources
Division
Ben Franklin Station
P.O. Box 7611
Washington, DC 20044
(202) 305–0493
Fax: (202) 305–0506
Email: ruth.ann.storey@usdoj.gov
*TERMINATED: 11/02/2020*

**Defendant**

**MIKE POOL**
*Acting Director, Bureau of Land
Management, in his official capacity*
*TERMINATED: 05/05/2016*

represented by **Ruth Ann Storey**
(See above for address)
*TERMINATED: 11/02/2020*

**Defendant**

**JAMIE E. CONNELL**
*State Director, Montana State Office,
Bureau of Land Management, in his
official capacity*
*TERMINATED: 05/22/2017*

represented by **Clare Marie Boronow**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Marissa Ann Piropato**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John S. Most**
(See above for address)
*TERMINATED: 11/02/2020*

**Ruth Ann Storey**
(See above for address)
*TERMINATED: 11/02/2020*

**Defendant**

represented by

**THOMAS J. VILSACK**
*Secretary, U.S. Department of*
*Agriculture, in his official capacity*
*TERMINATED: 05/22/2017*

**Clare Marie Boronow**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Marissa Ann Piropato**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John S. Most**
(See above for address)
*TERMINATED: 11/02/2020*

**Ruth Ann Storey**
(See above for address)
*TERMINATED: 11/02/2020*

**Defendant**

**TOM TIDWELL**
*Chief, U.S. Forest Service, in his official*
*capacity*
*TERMINATED: 09/29/2021*

represented by **Arwyn Carroll**
U.S. DEPARTMENT OF JUSTICE
Natural Resources Section
PO Box 7611
Ben Franklin Station
Washington, DC 20044–7611
(202) 305–0465
Fax: (202) 305–0506
Email: arwyn.carroll@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Clare Marie Boronow**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Marissa Ann Piropato**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John S. Most**
(See above for address)
*TERMINATED: 11/02/2020*

**Ruth Ann Storey**
(See above for address)
*TERMINATED: 11/02/2020*

**Defendant**

represented by

**FAYE KRUEGER**
*Regional Forester, U.S. Forest Service –*
*Region 1, in her official capacity*
*TERMINATED: 05/05/2016*

**Ruth Ann Storey**
(See above for address)
*TERMINATED: 11/02/2020*

#### Defendant

**WILLIAM AVEY**
*Forest Supervisor, Lewis and Clark*
*National Forest, in his official capacity*

represented by **Arwyn Carroll**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Clare Marie Boronow**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Marissa Ann Piropato**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John S. Most**
(See above for address)
*TERMINATED: 11/02/2020*

**Ruth Ann Storey**
(See above for address)
*TERMINATED: 11/02/2020*

#### Defendant

**CAROL SHULL**
*Interim Keeper, National Register, in her*
*official capacity*
*TERMINATED: 05/05/2016*

represented by **Ruth Ann Storey**
(See above for address)
*TERMINATED: 11/02/2020*

#### Defendant

**MICHAEL CONNOR**
*Deputy Secretary, U.S. Department of the*
*Interior*
*TERMINATED: 05/22/2017*

represented by **Clare Marie Boronow**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Marissa Ann Piropato**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John S. Most**
(See above for address)
*TERMINATED: 11/02/2020*

**Ruth Ann Storey**

(See above for address)
*TERMINATED: 11/02/2020*

**Defendant**

**NEIL KORNZE**                     represented by   **Clare Marie Boronow**
*Director, Bureau of Land Management*                (See above for address)
*TERMINATED: 05/22/2017*                            *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Marissa Ann Piropato**
                                                    (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

                                                    **John S. Most**
                                                    (See above for address)
                                                    *TERMINATED: 11/02/2020*

                                                    **Ruth Ann Storey**
                                                    (See above for address)
                                                    *TERMINATED: 11/02/2020*

**Defendant**

**ADEN L. SEIDLITZ**                represented by   **Clare Marie Boronow**
*Acting State Director, Montana State*              (See above for address)
*Office, Bureau of Land Management*                 *LEAD ATTORNEY*
*TERMINATED: 05/22/2017*                            *ATTORNEY TO BE NOTICED*

                                                    **Marissa Ann Piropato**
                                                    (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

                                                    **John S. Most**
                                                    (See above for address)
                                                    *TERMINATED: 11/02/2020*

                                                    **Ruth Ann Storey**
                                                    (See above for address)
                                                    *TERMINATED: 11/02/2020*

**Defendant**

**LEANNE MARTEN**                   represented by   **Arwyn Carroll**
*Regional Forester, U.S. Forest Service –*          (See above for address)
*Region 1*                                          *LEAD ATTORNEY*
*TERMINATED: 09/29/2021*                            *ATTORNEY TO BE NOTICED*

                                                    **Clare Marie Boronow**
                                                    (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

**Marissa Ann Piropato**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John S. Most**
(See above for address)
*TERMINATED: 11/02/2020*

**Ruth Ann Storey**
(See above for address)
*TERMINATED: 11/02/2020*

**Defendant**

**STEPHANIE TOOTHMAN**                    represented by   **Arwyn Carroll**
*Keeper, National Register*                                (See above for address)
*TERMINATED: 09/29/2021*                                   *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

**Clare Marie Boronow**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Marissa Ann Piropato**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John S. Most**
(See above for address)
*TERMINATED: 11/02/2020*

**Ruth Ann Storey**
(See above for address)
*TERMINATED: 11/02/2020*

**Defendant**

**RYAN ZINKE**                            represented by   **Clare Marie Boronow**
*Secretary, U.S. Department of the*                        (See above for address)
*Interior*                                                 *LEAD ATTORNEY*
*TERMINATED: 11/02/2020*                                   *ATTORNEY TO BE NOTICED*

**Marissa Ann Piropato**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John S. Most**
(See above for address)

*TERMINATED: 11/02/2020*

**Ruth Ann Storey**
(See above for address)
*TERMINATED: 11/02/2020*

**Defendant**

**GEORGE E. PERDUE, III**
*"Sonny," Secretary, U.S. Department of Agriculture*
*TERMINATED: 09/29/2021*

represented by **Arwyn Carroll**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Clare Marie Boronow**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Marissa Ann Piropato**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John S. Most**
(See above for address)
*TERMINATED: 11/02/2020*

**Ruth Ann Storey**
(See above for address)
*TERMINATED: 11/02/2020*

**Defendant**

**JAMES E. CASON**
*Acting Deputy Secretary, U.S. Department of the Interior*
*TERMINATED: 09/29/2021*

represented by **Arwyn Carroll**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Clare Marie Boronow**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Marissa Ann Piropato**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John S. Most**
(See above for address)
*TERMINATED: 11/02/2020*

**Ruth Ann Storey**

(See above for address)
*TERMINATED: 11/02/2020*

**Defendant**

**MICHAEL D. NEDD**                      represented by **Arwyn Carroll**
*Acting Director, BLM*                    (See above for address)
*TERMINATED: 09/29/2021*                  *LEAD ATTORNEY*
                                          *ATTORNEY TO BE NOTICED*

                                          **Clare Marie Boronow**
                                          (See above for address)
                                          *LEAD ATTORNEY*
                                          *ATTORNEY TO BE NOTICED*

                                          **Marissa Ann Piropato**
                                          (See above for address)
                                          *LEAD ATTORNEY*
                                          *ATTORNEY TO BE NOTICED*

                                          **John S. Most**
                                          (See above for address)
                                          *TERMINATED: 11/02/2020*

                                          **Ruth Ann Storey**
                                          (See above for address)
                                          *TERMINATED: 11/02/2020*

**Defendant**

**JON RABY**                             represented by **Arwyn Carroll**
*Acting State Director, Montana and*      (See above for address)
*Dakotas State Office, BLM*               *LEAD ATTORNEY*
*TERMINATED: 09/29/2021*                  *ATTORNEY TO BE NOTICED*

                                          **Clare Marie Boronow**
                                          (See above for address)
                                          *LEAD ATTORNEY*
                                          *ATTORNEY TO BE NOTICED*

                                          **Marissa Ann Piropato**
                                          (See above for address)
                                          *LEAD ATTORNEY*
                                          *ATTORNEY TO BE NOTICED*

                                          **John S. Most**
                                          (See above for address)
                                          *TERMINATED: 11/02/2020*

                                          **Ruth Ann Storey**
                                          (See above for address)
                                          *TERMINATED: 11/02/2020*

**Defendant**

**JEFFREY H. WOOD**
*Acting Assistant Attorney General, U.S.*
*Department of Justice Environment and*
*Natural Resources Div.*
*TERMINATED: 09/29/2021*

represented by **Arwyn Carroll**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Clare Marie Boronow**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Marissa Ann Piropato**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John S. Most**
(See above for address)
*TERMINATED: 11/02/2020*

**Ruth Ann Storey**
(See above for address)
*TERMINATED: 11/02/2020*

**Defendant**

**DAVID BERNHARDT**
*Secretary, U.S. Department of the*
*Interior*
*TERMINATED: 11/08/2021*

represented by **Arwyn Carroll**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Clare Marie Boronow**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Marissa Ann Piropato**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**KATHARINE MACGREGOR**
*Deputy Secretary, Department of the*
*Interior*
*TERMINATED: 11/08/2021*

represented by **Arwyn Carroll**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**WILLIAM PERRY PENDLEY**
*Deputy Director, Parks and Programs*
*Bureau of Land Management*

represented by **Arwyn Carroll**
(See above for address)
*LEAD ATTORNEY*

*TERMINATED: 11/08/2021*                              *ATTORNEY TO BE NOTICED*

**Defendant**

**JOHN MEHLHOFF**                          represented by **Arwyn Carroll**
*State Director, Montana State Office,*                   (See above for address)
*Bureau of Land Management*                               *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

**Defendant**

**SONNY PERDUE**                           represented by **Arwyn Carroll**
*Secretary, U.S. Department of*                           (See above for address)
*Agriculture*                                             *LEAD ATTORNEY*
*TERMINATED: 11/08/2021*                                  *ATTORNEY TO BE NOTICED*

**Defendant**

**VICKI CHRISTIANSEN**                     represented by **Arwyn Carroll**
*Chief, U.S. Forest Service*                              (See above for address)
*TERMINATED: 11/08/2021*                                  *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

**Defendant**

**TOM SCHMIDT**                            represented by **Arwyn Carroll**
*Regional Forester, U.S. Forest Service –*                (See above for address)
*Region 1*                                                *LEAD ATTORNEY*
*TERMINATED: 11/08/2021*                                  *ATTORNEY TO BE NOTICED*

**Defendant**

**JOY BEASLEY**                            represented by **Arwyn Carroll**
*Keeper of the National Register of*                      (See above for address)
*Historic Places*                                         *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

**Defendant**

**DEB HAALAND**                            represented by **Arwyn Carroll**
*Secretary, U.S. Department of the*                       (See above for address)
*Interior*                                                *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                         **Clare Marie Boronow**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                         **Marissa Ann Piropato**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

**Defendant**

**RANDY MOORE**
*Chief, U.S. Forest Service*

represented by **Arwyn Carroll**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Clare Marie Boronow**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Marissa Ann Piropato**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**THOMAS J. VILSACK**
*Secretary, U.S. Department of Agriculture*

represented by **Arwyn Carroll**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Clare Marie Boronow**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Marissa Ann Piropato**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**LEANNE MARTIN**
*Regional Forester, U.S. Forest Service – Region 1*

represented by **Arwyn Carroll**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Clare Marie Boronow**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Marissa Ann Piropato**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**TOMMY BEAUDREAU**
*Deputy Secretary, Department of the Interior*

represented by **Arwyn Carroll**
(See above for address)
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Clare Marie Boronow**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Marissa Ann Piropato**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **TRACY STONE–MANNING**<br>*Director, Bureau of Land Management* | represented by | **Arwyn Carroll**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Clare Marie Boronow**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Marissa Ann Piropato**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Intervenor Defendant**

| | | |
|---|---|---|
| **BLACKFEET HEADWATERS ALLIANCE** | represented by | **Timothy Joseph Preso**<br>EARTHJUSTICE<br>313 East Main Street<br>Bozeman, MT 59715<br>(406) 586–9699<br>Fax: (406) 586–9695<br>Email: tpreso@earthjustice.org<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Aurora R. Janke**
OFFICE OF ATTORNEY
GENERAL/WA
800 Fifth Avenue
Suite 2000
Seattle, WA 98104
(206) 233–3391
Email: ajanke@atg.wa.gov
*TERMINATED: 05/04/2018*
*PRO HAC VICE*

**Intervenor Defendant**

**GLACIER–TWO MEDICINE ALLIANCE**

represented by **Timothy Joseph Preso**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Aurora R. Janke**
(See above for address)
*TERMINATED: 05/04/2018*
*PRO HAC VICE*

**Intervenor Defendant**

**MONTANA WILDERNESS ASSOCIATION**

represented by **Timothy Joseph Preso**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Aurora R. Janke**
(See above for address)
*TERMINATED: 05/04/2018*
*PRO HAC VICE*

**Intervenor Defendant**

**NATIONAL PARKS CONSERVATION ASSOCIATION**

represented by **Timothy Joseph Preso**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Aurora R. Janke**
(See above for address)
*TERMINATED: 05/04/2018*
*PRO HAC VICE*

**Intervenor Defendant**

**WILDERNESS SOCIETY**

represented by **Timothy Joseph Preso**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Aurora R. Janke**
(See above for address)
*TERMINATED: 05/04/2018*
*PRO HAC VICE*

**Intervenor Defendant**

**PIKUNI TRADITIONALIST ASSOCIATION**

represented by **Timothy Joseph Preso**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Aurora R. Janke**
(See above for address)
*TERMINATED: 05/04/2018*
*PRO HAC VICE*

<u>Amicus</u>

**MONTANA PETROLEUM**
**ASSOCIATION**

represented by **James Wallace Porter , III**
BRADLEY ARANT BOULT
CUMMINGS LLP
1615 L Street, NW
Suite 1350
Washington, DC 20036
202–719–8232
Email: jporter@bradley.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

<u>Amicus</u>

**BLACKFEET TRIBE**

represented by **Melody L. McCoy**
NATIVE AMERICAN RIGHTS FUND
1506 Broadway
Boulder, CO 80302
303–447–8760
Fax: 303–443–7776
Email: mmccoy@narf.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joel William West Williams**
NATIVE AMERICAN RIGHTS FUND
1514 P Street, NW
Washington, DC 20005
(202) 785–4166
Email: williams@narf.org
*TERMINATED: 05/13/2022*

<u>Amicus</u>

**CHAMBER OF COMMERCE OF**
**THE UNITED STATES OF**
**AMERICA**

represented by **James Wallace Porter , III**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 06/28/2013 | 1 | | COMPLAINT against All Defendants ( Filing fee $ 400 receipt number 0090–3381865) filed by SOLENEX LLC. (Attachments: # 1 Summons Jewell Summons, # 2 Summons Pool Summons, # 3 Summons Connell Summons, # 4 Summons Vilsack Summons, # 5 Summons Tidwell Summons, # 6 Summons Krueger Summons, # 7 Summons Avey Summons, # 8 Summons Shull |

| | | |
|---|---|---|
| | | Summons, # 9 Summons Holder Summons, # 10 Summons Clerk Summons, # 11 Civil Cover Sheet Civil Cover Sheet)(Lechner, Steven) (Entered: 06/28/2013) |
| 06/28/2013 | 2 | Corporate Disclosure Statement by SOLENEX LLC. (Lechner, Steven) (Entered: 06/28/2013) |
| 06/28/2013 | | Case Assigned to Judge Richard J. Leon. (kb) (Entered: 07/01/2013) |
| 07/01/2013 | 3 | ELECTRONIC SUMMONS (10) Issued as to WILLIAM AVEY, JAMIE CONNELL, SALLY JEWELL, FAYE KRUEGER, MIKE POOL, CAROL SHULL, TOM TIDWELL, TOM VILSACK, U.S. Attorney and U.S. Attorney General. (Attachments: # 1 Summons, # 2 Summons, # 3 Summons, # 4 Summons, # 5 Summons, # 6 Summons, # 7 Summons, # 8 Summons, # 9 Summons, # 10 Notice of Consent, # 11 Consent Form)(kb) (Entered: 07/01/2013) |
| 07/01/2013 | 4 | STANDING ORDER. Signed by Judge Richard J. Leon on 7/1/13. (lcrjl1) (Entered: 07/01/2013) |
| 07/02/2013 | 5 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Jessica J. Spuhler, :Firm– Mountain States Legal Foundation, :Address– 2596 S. Lewis Way, Lakewood, CO 80227. Phone No. – (303) 292–2021. Fax No. – (303) 292–1980 by SOLENEX LLC (Attachments: # 1 Declaration Spuhler Declaration, # 2 Text of Proposed Order Proposed Order Granting Motion)(Lechner, Steven) (Entered: 07/02/2013) |
| 07/23/2013 | | MINUTE ORDER granting 5 Motion for Leave to Appear Pro Hac Vice. It is hereby ORDERED that the motion is GRANTED and that attorney Jessica J. Spuhler be, and hereby is, admitted pro hac vice in this case. Signed by Judge Richard J. Leon on 7/23/13. (lcrjl1) (Entered: 07/23/2013) |
| 07/31/2013 | 6 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. WILLIAM AVEY served on 7/5/2013; JAMIE CONNELL served on 7/5/2013; SALLY JEWELL served on 7/10/2013; FAYE KRUEGER served on 7/5/2013; MIKE POOL served on 7/9/2013; CAROL SHULL served on 7/9/2013; SOLENEX LLC served on 6/28/2013; TOM TIDWELL served on 7/9/2013; TOM VILSACK served on 7/9/2013 (Attachments: # 1 Summons Pool Proof of Service, # 2 Summons Connell Proof of Service, # 3 Summons Vilsack Proof of Service, # 4 Summons Tidwell Proof of Service, # 5 Summons Krueger Proof of Service, # 6 Summons Avey Proof of Service, # 7 Summons Shull Proof of Service, # 8 Summons Holder Proof of Service, # 9 Summons US Attorney Proof of Service)(Spuhler, Jessica) (Entered: 07/31/2013) |
| 07/31/2013 | 7 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed on United States Attorney General. Date of Service Upon United States Attorney General 7/10/2013., RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to the United States Attorney. Date of Service Upon United States Attorney on 7/10/2013. ( Answer due for ALL FEDERAL DEFENDANTS by 9/8/2013.) (See Docket Entry 6 to view document). (znmw, ) (Entered: 08/01/2013) |
| 09/09/2013 | 8 | ANSWER to Complaint by WILLIAM AVEY, JAMIE CONNELL, SALLY JEWELL, FAYE KRUEGER, MIKE POOL, CAROL SHULL, TOM |

| | | TIDWELL, TOM VILSACK.(Storey, Ruth) (Entered: 09/09/2013) |
|---|---|---|
| 09/26/2013 | 9 | MOTION to Intervene by BLACKFEET HEADWATERS ALLIANCE, GLACIER–TWO MEDICINE ALLIANCE, MONTANA WILDERNESS ASSOCIATION, NATIONAL PARKS CONSERVATION ASSOCIATION, WILDERNESS SOCIETY (Attachments: # 1 Memorandum in Support, # 2 Exhibit FS Travel Plan, # 3 Exhibit Weaver excerpt, # 4 Exhibit Blackfeet Proclamation, # 5 Exhibit Vest article, # 6 Exhibit Blackfeet Letter, # 7 Exhibit Cunningham Letter, # 8 Exhibit Wilmoth Letter, # 9 Exhibit Lonnie Letter, # 10 Exhibit Bruno Decl, # 11 Exhibit Caruso–Hirst Decl, # 12 Exhibit Ferenstein Decl, # 13 Exhibit Flint Decl, # 14 Exhibit Sentz Decl, # 15 Exhibit Jamison Decl, # 16 Exhibit Perkins Decl, # 17 Exhibit Gladstone Decl, # 18 Exhibit Proposed Answer, # 19 Exhibit Corporate Disclosure Statement, # 20 Text of Proposed Order)(Preso, Timothy) (Entered: 09/26/2013) |
| 10/08/2013 | 10 | First MOTION for Extension of Time to File Response/Reply as to 9 MOTION to Intervene by SOLENEX LLC (Attachments: # 1 Text of Proposed Order)(Lechner, Steven) (Entered: 10/08/2013) |
| 10/09/2013 | 11 | Memorandum in opposition to re 10 First MOTION for Extension of Time to File Response/Reply as to 9 MOTION to Intervene filed by BLACKFEET HEADWATERS ALLIANCE, GLACIER–TWO MEDICINE ALLIANCE, MONTANA WILDERNESS ASSOCIATION, NATIONAL PARKS CONSERVATION ASSOCIATION, WILDERNESS SOCIETY. (Attachments: # 1 Exhibit, # 2 Text of Proposed Order)(Preso, Timothy) (Entered: 10/09/2013) |
| 10/10/2013 | 12 | REPLY to opposition to motion re 10 First MOTION for Extension of Time to File Response/Reply as to 9 MOTION to Intervene filed by SOLENEX LLC. (Lechner, Steven) (Entered: 10/10/2013) |
| 10/16/2013 | 13 | Unopposed MOTION to Stay by WILLIAM AVEY, JAMIE CONNELL, SALLY JEWELL, FAYE KRUEGER, MIKE POOL, CAROL SHULL, TOM TIDWELL, TOM VILSACK (Storey, Ruth) (Entered: 10/16/2013) |
| 10/22/2013 | | MINUTE ORDER granting 10 Motion for Extension of Time to File Response re 9 MOTION to Intervene . It is hereby ORDERED that the motion is GRANTED and plaintiff's response is due 11/19/2013. Signed by Judge Richard J. Leon on 10/22/13. (lcrjl1, ) (Entered: 10/22/2013) |
| 11/01/2013 | | MINUTE ORDER granting in part, nunc pro tunc, 13 Defendants' MOTION for a Stay of Case Management Order in Light of Lapse of Appropriations. It is hereby ORDERED that the motion is GRANTED nunc pro tunc to the extent it requests an extension for filings affected by the government shutdown; and it is further ordered that the filing deadline for the Joint Meet and Confer Statement is extended nunc pro tunc by 16 days. Signed by Judge Richard J. Leon on 11/1/2013. (lcrjl1, ) (Entered: 11/01/2013) |
| 11/08/2013 | 14 | MEET AND CONFER STATEMENT. (Attachments: # 1 Text of Proposed Order Proposed Scheduling Order)(Spuhler, Jessica) (Entered: 11/08/2013) |
| 11/13/2013 | 15 | SCHEDULING ORDER: On or before December 15, 2013 defendants will deliver to plaintiff documents considered to be relevant. The parties will either submit a schedule governing further discovery or the parties will agree that the provided documents are comprehensive, obviating the need for additional |

| | | discovery on or before 2/13/2014. SEE ORDER FOR FULL DETAILS. Signed by Judge Richard J. Leon on 11/10/13. (tb, ) (Entered: 11/13/2013) |
|---|---|---|
| 11/19/2013 | 16 | Memorandum in opposition to re 9 MOTION to Intervene filed by SOLENEX LLC. (Attachments: # 1 Text of Proposed Order Proposed Order Denying Motion to Intervene)(Lechner, Steven) (Entered: 11/19/2013) |
| 11/26/2013 | 17 | REPLY to opposition to motion re 9 MOTION to Intervene filed by BLACKFEET HEADWATERS ALLIANCE, GLACIER–TWO MEDICINE ALLIANCE, MONTANA WILDERNESS ASSOCIATION, NATIONAL PARKS CONSERVATION ASSOCIATION, WILDERNESS SOCIETY. (Preso, Timothy) (Entered: 11/26/2013) |
| 12/20/2013 | 18 | NOTICE OF WITHDRAWAL OF APPEARANCE as to SOLENEX LLC. Attorney Jessica J. Spuhler terminated. (Spuhler, Jessica) (Entered: 12/20/2013) |
| 02/13/2014 | 19 | Joint MOTION to Stay *Proceedings for 56 Days* by SOLENEX LLC (Attachments: # 1 Text of Proposed Order)(Lechner, Steven) (Entered: 02/13/2014) |
| 03/03/2014 | | MINUTE ORDER granting 19 Joint Motion to Stay Proceedings. It is hereby ORDERED that the motion is GRANTED; it is further ORDERED that the above–captioned case is STAYED until April 10, 2014; and it is further ORDERED that on or before April 10, 2014, the parties shall file a status report with this Court suggesting how this case shall proceed. Signed by Judge Richard J. Leon on 3/3/2014. (lcrjl1, ) (Entered: 03/03/2014) |
| 03/04/2014 | | Set/Reset Deadlines: Status Report due by 4/10/2014. (tb, ) (Entered: 03/04/2014) |
| 04/10/2014 | 20 | STATUS REPORT *(JOINT)* by SOLENEX LLC. (Attachments: # 1 Text of Proposed Order)(Lechner, Steven) (Entered: 04/10/2014) |
| 04/17/2014 | | MINUTE SCHEDULING ORDER: Upon consideration of the parties' 20 Joint Status Report and Proposed Briefing Schedule, it is hereby ORDERED that the following schedule shall govern the above–captioned case: plaintiff shall file a motion for summary judgment on or before June 16, 2014;defendants shall file a cross–motion for summary judgment and a response to plaintiff's motion for summary judgment on or before July 28, 2014;plaintiff shall file a response to defendants' cross–motion for summary judgment and a reply to defendants' response on or before August 25, 2014;and defendants shall file a reply on or before September 22, 2014.SO ORDERED. Signed by Judge Richard J. Leon on 4/17/2014. (lcrjl1, ) (Entered: 04/17/2014) |
| 04/17/2014 | | Set/Reset Deadlines: Cross Motions due by 7/28/2014. Response to Cross Motions due by 8/25/2014. Reply to Cross Motions due by 9/22/2014. Summary Judgment motions due by 6/16/2014. Response to Motion for Summary Judgment due by 7/28/2014. Reply to Motion for Summary Judgment due by 8/25/2014. (tb, ) (Entered: 04/17/2014) |
| 06/10/2014 | 21 | MEMORANDUM AND OPINION denying 9 the motion of Blackfeet Headwaters Alliance, Glacier–Two Medicine Alliance, Montana Wilderness Association, National Parks Conservation Association, and the Wilderness Society to Intervene as Defendants. (Signed by Judge Richard J. Leon on |

| | | | |
|---|---|---|---|
| | | | 6/10/14). (tj ) (Entered: 06/10/2014) |
| 06/10/2014 | 22 | | Consent MOTION for Extension of Time to *Extend All Deadlines in the Current Briefing Schedule by 21 Days* by SOLENEX LLC (Attachments: # 1 Text of Proposed Order)(Lechner, Steven) (Entered: 06/10/2014) |
| 06/13/2014 | | | MINUTE ORDER granting 22 Plaintiff's Unopposed Motion to Extend All the Deadlines in the Current Briefing Schedule by 21 Days. It is hereby ORDERED that the motion is GRANTED; and it is further ORDERED that the following schedule shall govern the above–captioned case: plaintiff shall file a motion for summary judgment on or before July 7, 2014; defendants shall file a cross–motion for summary judgment and a response to plaintiff's motion for summary judgment on or before August 18, 2014; plaintiff shall file a response to defendants' cross–motion for summary judgment and a reply to defendants' response on or before September 15, 2014; and defendants shall file a reply on or before October 13, 2014. SO ORDERED. Signed by Judge Richard J. Leon on 6/13/2014. (lcrjl1, ) (Entered: 06/13/2014) |
| 06/30/2014 | | | Reset Deadlines: Cross Motions due by 8/18/2014. Response to Cross Motions due by 9/15/2014. Reply to Cross Motions due by 10/13/2014. Summary Judgment motions due by 7/7/2014. Response to Motion for Summary Judgment due by 8/18/2014. Reply to Motion for Summary Judgment due by 9/15/2014. (tj ) (Entered: 06/30/2014) |
| 07/06/2014 | 23 | | Unopposed MOTION for Leave to File *an Appendix* by SOLENEX LLC (Attachments: # 1 Text of Proposed Order)(Lechner, Steven) (Entered: 07/06/2014) |
| 07/07/2014 | 24 | | MOTION for Summary Judgment by SOLENEX LLC (Attachments: # 1 Memorandum in Support, # 2 Statement of Facts, # 3 Text of Proposed Order)(Lechner, Steven) (Entered: 07/07/2014) |
| 07/10/2014 | | | MINUTE ORDER granting 23 Plaintiff's Unopposed Motion for Leave to File an Appendix. It is hereby ORDERED that the motion is GRANTED; it is further ORDERED that the appendix shall contain the documents cited or otherwise relied upon by the parties in their respective cross–motions for summary judgment; and it is further ORDERED that the appendix shall be prepared jointly by the parties and Plaintiff shall file the appendix within 14 days of the parties' final memorandum. Signed by Judge Richard J. Leon on 7/10/2014. (lcrjl1, ) (Entered: 07/10/2014) |
| 07/15/2014 | 25 | | MOTION for Leave to File *Amici Curiae Brief* by BLACKFEET HEADWATERS ALLIANCE, GLACIER–TWO MEDICINE ALLIANCE, MONTANA WILDERNESS ASSOCIATION, NATIONAL PARKS CONSERVATION ASSOCIATION, WILDERNESS SOCIETY (Attachments: # 1 Text of Proposed Order)(Preso, Timothy) (Entered: 07/15/2014) |
| 07/28/2014 | 26 | | Unopposed MOTION for Leave to File *Amicus Curiae Brief* by Montana Petroleum Association (Attachments: # 1 Memorandum in Support Brief of Amicus Curiae Montana Petroleum Association, # 2 Text of Proposed Order)(Porter, James) (Entered: 07/28/2014) |
| 07/29/2014 | 27 | | NOTICE *of Errata Regarding Statement of Material Facts* by SOLENEX LLC (Lechner, Steven) (Entered: 07/29/2014) |

| 08/01/2014 | 28 | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 21 Memorandum & Opinion, by BLACKFEET HEADWATERS ALLIANCE, GLACIER–TWO MEDICINE ALLIANCE, MONTANA WILDERNESS ASSOCIATION, NATIONAL PARKS CONSERVATION ASSOCIATION, WILDERNESS SOCIETY. Filing fee $ 505, receipt number 0090–3797872. Fee Status: Fee Paid. Parties have been notified. (Preso, Timothy) (Entered: 08/01/2014) |
|---|---|---|
| 08/04/2014 | 29 | Transmission of the Notice of Appeal, Order Appealed, and Docket Sheet to US Court of Appeals. The Court of Appeals fee was paid this date re 28 Notice of Appeal to DC Circuit Court. (znmw, ) (Entered: 08/04/2014) |
| 08/05/2014 | | USCA Case Number 14–5193 for 28 Notice of Appeal to DC Circuit Court, filed by BLACKFEET HEADWATERS ALLIANCE, MONTANA WILDERNESS ASSOCIATION, GLACIER–TWO MEDICINE ALLIANCE, NATIONAL PARKS CONSERVATION ASSOCIATION, WILDERNESS SOCIETY. (kb) (Entered: 08/06/2014) |
| 08/13/2014 | 30 | Unopposed MOTION to Amend/Correct Set/Reset Deadlines, by WILLIAM AVEY, JAMIE CONNELL, SALLY JEWELL, FAYE KRUEGER, MIKE POOL, CAROL SHULL, TOM TIDWELL, THOMAS J. VILSACK (Storey, Ruth) (Entered: 08/13/2014) |
| 08/14/2014 | | MINUTE ORDER Granting 30 Defendants' Unopposed Motion to Amend Briefing Schedule. The following schedule shall now apply: Defendants' Opposition to Plaintiff's Motion for Summary Judgment and Cross–Motion for Summary Judgment is now due by 8/25/2014. Plaintiff's Reply in support of their Motion for Summary Judgment and Opposition to Defendants' Cross–Motion for Summary Judgment is due by 9/22/2014. Defendants' Reply in Support of their Cross–Motion for Summary Judgment is due by 10/20/2014. Signed by Judge Richard J. Leon on 08/14/2014. (jth) (Entered: 08/14/2014) |
| 08/18/2014 | | MINUTE ORDER granting 26 Motion for Leave to File. It is hereby ORDERED that the Motion to Appear as Amicus Curiae in Support of Plaintiff's Motion for Summary Judgment is GRANTED. It is further hereby ORDERED that the Clerk of Court shall file the submitted [26–1] Brief of Amicus Curiae the Montana Petroleum Association in Support of Plaintiff's Motion for Summary Judgment. Signed by Judge Richard J. Leon on 8/18/2014. (lcrjl1) (Entered: 08/18/2014) |
| 08/18/2014 | | MINUTE ORDER granting in part 25 Motion for Leave to File. It is hereby ORDERED that the Motion of Blackfeet Headwaters Alliance, Glacier–Two Medicine Alliance, Montana Wilderness Association, National Parks Conservation Association, and The Wilderness Society, for Leave to File Brief as Amici Curiae in opposition to Plaintiff's summary judgment motion, is GRANTED. It is hereby further ORDERED that any such brief shall not exceed 20 pages and shall be due by 9/2/2014. Signed by Judge Richard J. Leon on 8/18/2014. (lcrjl1) (Entered: 08/18/2014) |
| 08/18/2014 | 31 | AMICUS BRIEF by MONTANA PETROLEUM ASSOCIATION. (jf, ) (Entered: 08/18/2014) |
| 08/25/2014 | 32 | Memorandum in opposition to re 24 MOTION for Summary Judgment *and in Support of Cross–Motion for Summary Judgment* filed by WILLIAM AVEY, JAMIE CONNELL, SALLY JEWELL, FAYE KRUEGER, MIKE POOL, |

| | | |
|---|---|---|
| | | CAROL SHULL, TOM TIDWELL, THOMAS J. VILSACK. (Attachments: # <u>1</u> Statement of Material Facts, # <u>2</u> Bodily Declaration)(Storey, Ruth) (Entered: 08/25/2014) |
| 08/26/2014 | <u>33</u> | Cross MOTION for Summary Judgment by WILLIAM AVEY, JAMIE CONNELL, SALLY JEWELL, FAYE KRUEGER, MIKE POOL, CAROL SHULL, TOM TIDWELL, THOMAS J. VILSACK (Storey, Ruth) (Entered: 08/26/2014) |
| 08/26/2014 | <u>34</u> | ERRATA by WILLIAM AVEY, JAMIE CONNELL, SALLY JEWELL, FAYE KRUEGER, MIKE POOL, CAROL SHULL, TOM TIDWELL, THOMAS J. VILSACK. (Attachments: # <u>1</u> Corrected Memorandum)(Storey, Ruth) (Entered: 08/26/2014) |
| 09/02/2014 | <u>35</u> | MOTION for Leave to File *Brief Amicus Curiae in Support of Defendants* by Blackfeet Tribe (Attachments: # <u>1</u> Exhibit Proposed Amicus Brief in Support of Defendants)(McCoy, Melody) (Entered: 09/02/2014) |
| 09/02/2014 | <u>36</u> | NOTICE of Appearance by Melody L. McCoy on behalf of Blackfeet Tribe (McCoy, Melody) (Entered: 09/02/2014) |
| 09/02/2014 | <u>37</u> | Memorandum in opposition to re <u>24</u> MOTION for Summary Judgment *Amici Curiae Brief* filed by BLACKFEET HEADWATERS ALLIANCE, GLACIER–TWO MEDICINE ALLIANCE, MONTANA WILDERNESS ASSOCIATION, NATIONAL PARKS CONSERVATION ASSOCIATION, WILDERNESS SOCIETY. (Attachments: # <u>1</u> Declaration Preso Declaration with Attachments)(Preso, Timothy) (Entered: 09/02/2014) |
| 09/03/2014 | | MINUTE ORDER granting <u>35</u> Motion for Leave to File. It is hereby ORDERED that the Motion of Blackfeet Tribe for Leave to File Brief As Amicus Curiae in Support of Defendants' Cross Motion for Summary Judgment and Opposition to Plaintiff's Motion for Summary Judgment is GRANTED. It is further ORDERED that the Clerk of Court shall file the submitted [35–1] Brief of Amicus Curiae Blackfeet Tribe. Signed by Judge Richard J. Leon on 9/3/2014. (lcrjl1) (Entered: 09/03/2014) |
| 09/03/2014 | <u>38</u> | AMICUS BRIEF by BLACKFEET TRIBE. (znmw, ) (Entered: 09/04/2014) |
| 09/22/2014 | <u>39</u> | Memorandum in opposition to re <u>33</u> Cross MOTION for Summary Judgment filed by SOLENEX LLC. (Attachments: # <u>1</u> Exhibit Big Spring Letter, # <u>2</u> Statement of Facts Response to Defendants' Statement of Facts)(Lechner, Steven) (Entered: 09/22/2014) |
| 09/22/2014 | <u>40</u> | REPLY to opposition to motion re <u>24</u> MOTION for Summary Judgment filed by SOLENEX LLC. (Attachments: # <u>1</u> Exhibit Big Spring Letter, # <u>2</u> Statement of Facts in Response to Defendants' Statement of Facts)(Lechner, Steven) (Entered: 09/22/2014) |
| 10/20/2014 | <u>41</u> | ENTERED IN ERROR.....Unopposed MOTION for Extension of Time to File Response/Reply by WILLIAM AVEY, JAMIE CONNELL, SALLY JEWELL, MIKE POOL, CAROL SHULL, TOM TIDWELL, THOMAS J. VILSACK (Storey, Ruth) Modified on 10/20/2014 (jf, ). (Entered: 10/20/2014) |
| 10/20/2014 | <u>42</u> | Unopposed MOTION for Extension of Time to File Response/Reply *Corrected Date Requested* by WILLIAM AVEY, SALLY JEWELL, FAYE KRUEGER, MIKE POOL, CAROL SHULL, TOM TIDWELL, THOMAS J. VILSACK |

| | | |
|---|---|---|
| | | (Storey, Ruth) (Entered: 10/20/2014) |
| 10/20/2014 | | NOTICE OF CORRECTED DOCKET ENTRY: Document No. re 41 Unopposed MOTION for Extension of Time to File Response/Reply was entered in error and refiled by counsel. (See Docket Entry 42 to view document) (jf, ) (Entered: 10/20/2014) |
| 10/24/2014 | 43 | REPLY to opposition to motion re 33 Cross MOTION for Summary Judgment filed by WILLIAM AVEY, JAMIE CONNELL, SALLY JEWELL, FAYE KRUEGER, MIKE POOL, CAROL SHULL, TOM TIDWELL, THOMAS J. VILSACK. (Attachments: # 1 Second Bodily Declaration)(Storey, Ruth) (Entered: 10/24/2014) |
| 10/24/2014 | | MINUTE ORDER granting nunc pro tunc 42 Motion for Extension of Time to File Response/Reply. It is hereby ORDERED that defendant's reply shall be due on October 24, 2014. Signed by Judge Richard J. Leon on 10/24/2014. (lcrjl1) (Entered: 10/24/2014) |
| 10/28/2014 | | Set/Reset Deadlines: Reply due by 10/24/2014. (tb, ) (Entered: 10/28/2014) |
| 10/31/2014 | 44 | ORDER of USCA as to 28 Notice of Appeal to DC Circuit Court, filed by BLACKFEET HEADWATERS ALLIANCE, MONTANA WILDERNESS ASSOCIATION, GLACIER–TWO MEDICINE ALLIANCE, NATIONAL PARKS CONSERVATION ASSOCIATION, WILDERNESS SOCIETY ; USCA Case Number 14–5193. ORDERED that the motion be granted, and this case is hereby held in abeyance pending further order of the court. The appellants are directed to file status reports at 60–day intervals beginning December 30, 2014. The parties are directed to file motions to govern future proceedings in this case within 30 days of the completion of the district court proceedings in United States District Court for the District of Columbia. (kb) (Entered: 10/31/2014) |
| 11/07/2014 | 45 | ADMINISTRATIVE RECORD *Appendix Vol. I, Part 1* by SOLENEX LLC. (Attachments: # 1 Appendix Vol. I, Part 2, # 2 Appendix Vol. I, Part 3, # 3 Appendix Vol. I, Part 4, # 4 Appendix Vol. I, Part 5, # 5 Appendix Vol. I, Part 6, # 6 Appendix Vol. I, Part 7, # 7 Appendix Vol. II, Part 1, # 8 Appendix Vol. II, Part 2, # 9 Appendix Vol. III, # 10 Appendix Vol. IV, Part 1, # 11 Appendix Vol. IV, Part 2, # 12 Appendix Vol. IV, Part 3)(Lechner, Steven) (Entered: 11/07/2014) |
| 04/30/2015 | 46 | MOTION to Expedite *and/or for Oral Argument* by SOLENEX LLC (Attachments: # 1 Text of Proposed Order)(Lechner, Steven). Added MOTION for Hearing on 5/1/2015 (znmw, ). (Entered: 04/30/2015) |
| 05/11/2015 | 47 | NOTICE *in Response to Motion* by WILLIAM AVEY, SALLY JEWELL, FAYE KRUEGER, MIKE POOL, CAROL SHULL, TOM TIDWELL, THOMAS J. VILSACK re 46 MOTION to Expedite *and/or for Oral Argument* MOTION for Hearing (Storey, Ruth) (Entered: 05/11/2015) |
| 05/21/2015 | | MINUTE ORDER granting 46 Motion for Hearing. It is hereby ORDERED that plaintiff's motion for oral argument is GRANTED. It is further ORDERED that oral argument on the parties' pending cross–motions for summary judgment be set for 6/10/2015 at 2:30 p.m. in Courtroom 18 before Judge Richard J. Leon. Signed by Judge Richard J. Leon on 5/21/2015. (lcrjl1, ) (Entered: 05/21/2015) |

| 05/22/2015 | | Set/Reset Hearings: Status Conference set for 6/10/2015 02:30 PM in Courtroom 18 before Judge Richard J. Leon. (tb, ) (Entered: 05/22/2015) |
|---|---|---|
| 06/05/2015 | 48 | NOTICE *of Filing Documents Omitted from the Appendix* by SOLENEX LLC re 45 Administrative Record, (Attachments: # 1 Appendix Vol. V, Part 1, # 2 Appendix Vol. V., Part 2, # 3 Appendix Vol. VI, Part 1, # 4 Appendix Vol. VI, Part 2, # 5 Appendix Vol. VII, Part 1, # 6 Appendix Vol. VII, Part 2)(Lechner, Steven) (Entered: 06/05/2015) |
| 06/10/2015 | | Minute Entry: Motion Hearing held on 6/10/2015 before Judge Richard J. Leon: re 33 Cross MOTION for Summary Judgment filed by TOM TIDWELL, CAROL SHULL, THOMAS J. VILSACK, MIKE POOL, WILLIAM AVEY, SALLY JEWELL, FAYE KRUEGER, JAMIE CONNELL, 24 MOTION for Summary Judgment filed by SOLENEX LLC; motions heard and taken under advisement. (Court Reporter William Zaremba) (tb) (Entered: 06/11/2015) |
| 06/15/2015 | 49 | TRANSCRIPT OF ORAL ARGUMENT PROCEEDINGS before Judge Richard J. Leon held on June 10, 2015; Page Numbers: 1–51. Date of Issuance: June 15, 2015. Court Reporter/Transcriber: William Zaremba; Telephone number: (202)354–3249; Court Reporter Email Address: WilliamPZaremba@gmail.com. |
| | | For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, PDF or ASCII) may be purchased from the court reporter. |
| | | **NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov. |
| | | Redaction Request due 7/6/2015. Redacted Transcript Deadline set for 7/16/2015. Release of Transcript Restriction set for 9/13/2015.(wz) (Entered: 06/15/2015) |
| 06/22/2015 | 50 | NOTICE *of Filing 2014 BLM Map* by SOLENEX LLC (Attachments: # 1 Exhibit 2014 BLM Map)(Lechner, Steven) (Entered: 06/22/2015) |
| 06/22/2015 | 51 | NOTICE by WILLIAM AVEY, JAMIE CONNELL, SALLY JEWELL, FAYE KRUEGER, MIKE POOL, CAROL SHULL, TOM TIDWELL, THOMAS J. VILSACK (Attachments: # 1 Letter)(Storey, Ruth) (Entered: 06/22/2015) |
| 07/27/2015 | 52 | MEMORANDUM ORDER: It is hereby ordered that the plaintiff's 24 request that this Court directly order defendants to lift the suspension on plaintiff's lease, plaintiff's motion for summary judgment is DENIED IN PART; it is further ordered that, to the extent plaintiff request that this Court demand that defendants establish a schedule within which it will determined whether to lift the suspension of plaintiff's lease, plaintiff's motion for summary judgment is GRANTED IN PART; it is further ordered that defendant's 33 cross motion for summary judgment is DENIED. SEE ORDER FOR FULL DETAILS. Signed |

| | | |
|---|---|---|
| | | by Judge Richard J. Leon on 07/27/15. (tb) Modified on 7/27/2015 (tb). (Entered: 07/27/2015) |
| 08/17/2015 | 53 | RESPONSE TO ORDER OF THE COURT re 52 Order on Motion for Summary Judgment,,,,, filed by WILLIAM AVEY, JAMIE CONNELL, SALLY JEWELL, FAYE KRUEGER, MIKE POOL, CAROL SHULL, TOM TIDWELL, THOMAS J. VILSACK. (Storey, Ruth) (Entered: 08/17/2015) |
| 08/28/2015 | 54 | RESPONSE re 53 Response to Order of the Court filed by SOLENEX LLC. (Attachments: # 1 Exhibit 2015.7.9 ACHP Letter, # 2 Exhibit 2015.7.14 Email, # 3 Exhibit 2015.7.21 USFS Letter)(Lechner, Steven) (Entered: 08/28/2015) |
| 09/18/2015 | | MINUTE ORDER: Status Conference set for 10/6/2015 02:30 PM in Courtroom 18 before Judge Richard J. Leon. SO ORDERED – Judge Richard J. Leon on 09/18/15. (tb) (Entered: 09/18/2015) |
| 10/05/2015 | 55 | NOTICE by WILLIAM AVEY, JAMIE CONNELL, SALLY JEWELL, MIKE POOL, CAROL SHULL, TOM TIDWELL, THOMAS J. VILSACK (Attachments: # 1 Letter from Advisory Council on Historic Preservation)(Storey, Ruth) (Entered: 10/05/2015) |
| 10/06/2015 | | Minute Entry: Status Conference held on 10/6/2015 before Judge Richard J. Leon: Order forthcoming. (Court Reporter William Zaremba) (tb) (Entered: 10/07/2015) |
| 10/07/2015 | 56 | TRANSCRIPT OF STATUS CONFERENCE PROCEEDINGS before Judge Richard J. Leon held on October 6, 2015; Page Numbers: 1–30. Date of Issuance: October 7, 2015. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354–3249; Transcripts may be ordered by submitting the Transcript Order Form. <br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, PDF or ASCII) may be purchased from the court reporter. <br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov. <br><br>Redaction Request due 10/28/2015. Redacted Transcript Deadline set for 11/7/2015. Release of Transcript Restriction set for 1/5/2016.(wz) (Entered: 10/07/2015) |
| 10/08/2015 | 57 | MEMORANDUM ORDER. Defendants memorandum is due by 11/23/2015, Plaintiffs memorandum in response is due by 12/4/2015. It is further ORDERED thereafter, the Court shall either approve or reject the defendants' schedule or order such further adjustments as appropriate. After the schedule of proceedings has been approved, the defendants will be required to adhere to it. Any alterations will require the approval of this court and the defendants will |

| | | | |
|---|---|---|---|
| | | | be required to explain any and all material failures to comply, which may possibly be remedied by a judicial order lifting the current suspension entirely. (See the Memorandum Order for Complete Details). Signed by Judge Richard J. Leon on 10/8/2015. (jth) (Entered: 10/08/2015) |
| 11/23/2015 | 58 | | NOTICE *of Response* by WILLIAM AVEY, JAMIE CONNELL, SALLY JEWELL, MIKE POOL, CAROL SHULL, TOM TIDWELL, THOMAS J. VILSACK re 57 Order, Set Deadlines,,,, (Storey, Ruth) (Entered: 11/23/2015) |
| 12/02/2015 | 59 | | Joint MOTION to Stay *All Proceedings in this Case Until January 8, 2016* by SOLENEX LLC (Attachments: # 1 Text of Proposed Order)(Lechner, Steven) (Entered: 12/02/2015) |
| 12/03/2015 | 60 | | ORDER: Upon consideration of the parties' 59 Joint Motion to Stay All Proceedings in This Case Until January 8, 2016; it is hereby ordered that the motion is GRANTED. SEE ORDER FOR MORE DETAILS. Signed by Judge Richard J. Leon on 12/02/15. (tb) (Entered: 12/03/2015) |
| 01/07/2016 | 61 | | Unopposed MOTION to Continue *the Stay for Seven Days* by SOLENEX LLC (Attachments: # 1 Text of Proposed Order)(Lechner, Steven) (Entered: 01/07/2016) |
| 01/08/2016 | | | MINUTE ORDER granting 61 Unopposed Motion to Continue the Stay for Seven Days. It is hereby ORDERED that the Unopposed Motion to Continue the Stay for Seven Days is GRANTED. It is further ORDERED that all proceedings in this case are stayed until January 15, 2016. It is further ORDERED that: 1) Plaintiff's response to Defendants' November 23, 2015 memorandum is not due until seven days after the stay is lifted; 2) Defendants shall not finalize any action to cancel Solenex's lease until after the stay is lifted; 3) Either party may move to lift the stay prior to January 15, 2016; and 4) The parties shall file a joint status report on or before January 15, 2016, advising this Court of their recommendation(s) as to how this case should proceed. SO ORDERED. Signed by Judge Richard J. Leon on 01/08/2016. (lcrjl1, ) (Entered: 01/08/2016) |
| 01/14/2016 | | | Set/Reset Deadlines: Status Report due by 1/15/2016. (tb) (Entered: 01/14/2016) |
| 01/15/2016 | 62 | | Joint STATUS REPORT by SOLENEX LLC. (Lechner, Steven) (Entered: 01/15/2016) |
| 01/19/2016 | | | MINUTE ORDER. It is hereby ORDERED that the stay in the above–captioned case be lifted. Signed by Judge Richard J. Leon on 01/19/2016. (lcrjl1, ) (Entered: 01/19/2016) |
| 01/19/2016 | 63 | | RESPONSE re 58 Notice (Other) filed by SOLENEX LLC. (Lechner, Steven) (Entered: 01/19/2016) |
| 01/27/2016 | 64 | | MOTION to Strike 63 Response to Document *or in the Alternative for Leave to File Response* by WILLIAM AVEY, JAMIE CONNELL, SALLY JEWELL, FAYE KRUEGER, MIKE POOL, CAROL SHULL, TOM TIDWELL, THOMAS J. VILSACK (Storey, Ruth) (Entered: 01/27/2016) |
| 02/01/2016 | 65 | | Memorandum in opposition to re 64 MOTION to Strike 63 Response to Document *or in the Alternative for Leave to File Response* filed by SOLENEX LLC. (Lechner, Steven) (Entered: 02/01/2016) |

| 02/08/2016 | 66 | REPLY to opposition to motion re 64 MOTION to Strike 63 Response to Document *or in the Alternative for Leave to File Response* filed by WILLIAM AVEY, JAMIE CONNELL, SALLY JEWELL, FAYE KRUEGER, MIKE POOL, CAROL SHULL, TOM TIDWELL, THOMAS J. VILSACK. (Storey, Ruth) (Entered: 02/08/2016) |
|---|---|---|
| 02/23/2016 | | MINUTE ORDER granting in part and denying in part 64 Motion to Strike Response to Document or in the Alternative for Leave to File Response. It is hereby ORDERED that defendants' motion is GRANTED in part and that defendants shall file any response to plaintiff's response within 10 days of this order. It is further ORDERED that the motion is DENIED to the extent it seeks to strike plaintiff's response. It is further ORDERED that a status conference be set for March 10, 2016 at 12:00 p.m. in Courtroom 18 before Judge Richard J. Leon. Signed by Judge Richard J. Leon on 02/23/2016. (lcrjl1, ) (Entered: 02/23/2016) |
| 02/24/2016 | | Set/Reset Hearings: Status Conference set for 3/10/2016 at 12:00 PM in Courtroom 18 before Judge Richard J. Leon. (tb) (Entered: 02/24/2016) |
| 03/02/2016 | | ENTERED IN ERROR....Set/Reset Hearings: Status Conference reset for 4/16/2016 at 12:00 PM in Courtroom 18 before Judge Richard J. Leon. (tb) Modified on 3/2/2016 (tb). (Entered: 03/02/2016) |
| 03/02/2016 | | Set/Reset Hearings: Status Conference reset for 3/16/2016 at 12:00 PM in Courtroom 18 before Judge Richard J. Leon. (tb) (Entered: 03/02/2016) |
| 03/04/2016 | 67 | RESPONSE *to Plaintiff's Response to Defendants' Nov. 23, 2015 Memorandum* filed by WILLIAM AVEY, JAMIE CONNELL, SALLY JEWELL, FAYE KRUEGER, MIKE POOL, CAROL SHULL, TOM TIDWELL, THOMAS J. VILSACK. (Storey, Ruth) (Entered: 03/04/2016) |
| 03/16/2016 | | Minute Entry: Status Conference held on 3/16/2016 before Judge Richard J. Leon. (Court Reporter William) (tb) (Entered: 03/17/2016) |
| 03/17/2016 | 68 | NOTICE by WILLIAM AVEY, JAMIE CONNELL, SALLY JEWELL, FAYE KRUEGER, MIKE POOL, CAROL SHULL, TOM TIDWELL, THOMAS J. VILSACK (Attachments: # 1 Attachment 1)(Storey, Ruth) (Entered: 03/17/2016) |
| 03/17/2016 | 69 | TRANSCRIPT OF STATUS CONFERENCE PROCEEDINGS before Judge Richard J. Leon held on March 16, 2016; Page Numbers: 1–12. Date of Issuance: March 17, 2016. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354–3249. Transcripts may be ordered by submitting the Transcript Order Form. |
| | | For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, PDF or ASCII) may be purchased from the court reporter. |
| | | NOTICE RE REDACTION OF TRANSCRIPTS: The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction |

| | | |
|---|---|---|
| | | after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 4/7/2016. Redacted Transcript Deadline set for 4/17/2016. Release of Transcript Restriction set for 6/15/2016.(wz) (Entered: 03/17/2016) |
| 03/28/2016 | 70 | NOTICE *of Intent to Move for Leave to File an Amended and Supplemental Complaint* by SOLENEX LLC (Lechner, Steven) (Entered: 03/28/2016) |
| 04/15/2016 | 71 | First MOTION for Leave to File *an Amended and Supplemental Complaint* by SOLENEX LLC (Attachments: # 1 Exhibit proposed First Amended and Supplemental Complaint, # 2 Exhibit proposed Order)(Lechner, Steven) (Entered: 04/15/2016) |
| 04/29/2016 | 72 | RESPONSE re 71 First MOTION for Leave to File *an Amended and Supplemental Complaint* filed by WILLIAM AVEY, JAMIE CONNELL, SALLY JEWELL, FAYE KRUEGER, MIKE POOL, CAROL SHULL, TOM TIDWELL, THOMAS J. VILSACK. (Storey, Ruth) (Entered: 04/29/2016) |
| 05/05/2016 | | MINUTE ORDER granting 71 Plaintiff's Motion for Leave to File an Amended and Supplemental Complaint. It is hereby ordered the motion is GRANTED, and that [71−1] Plaintiff's First Amended and Supplemental Complaint is deemed filed as of the date of this order. Signed by Judge Richard J. Leon on 05/05/2016. (lcrjl1, ) (Entered: 05/05/2016) |
| 05/05/2016 | 73 | FIRST AMENDED AND SUPPLEMENTAL COMPLAINT against WILLIAM AVEY, JAMIE CONNELL, SALLY JEWELL, TOM TIDWELL, THOMAS J. VILSACK, MICHAEL CONNOR, NEIL KORNZE, ADEN L. SEIDLITZ, LEANNE MARTEN, STEPHANIE TOOTHMAN filed by SOLENEX LLC.(znmw) (Entered: 05/06/2016) |
| 05/10/2016 | 74 | Second MOTION to Intervene by BLACKFEET HEADWATERS ALLIANCE, GLACIER−TWO MEDICINE ALLIANCE, MONTANA WILDERNESS ASSOCIATION, NATIONAL PARKS CONSERVATION ASSOCIATION, WILDERNESS SOCIETY, PIKUNI TRADITIONALIST ASSOCIATION (Attachments: # 1 Memorandum in Support, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Text of Proposed Order, # 13 Proposed Answer, # 14 Disclosure of Corporate Affiliations and Financial Interests)(Preso, Timothy) (Entered: 05/10/2016) |
| 05/16/2016 | 75 | ANSWER to 73 Amended Complaint by WILLIAM AVEY, JAMIE CONNELL, MICHAEL CONNOR, SALLY JEWELL, NEIL KORNZE, FAYE KRUEGER, LEANNE MARTEN, MIKE POOL, ADEN L. SEIDLITZ, CAROL SHULL, TOM TIDWELL, STEPHANIE TOOTHMAN, THOMAS J. VILSACK. Related document: 73 Amended Complaint filed by SOLENEX LLC.(Storey, Ruth) (Entered: 05/16/2016) |
| 05/27/2016 | 76 | Memorandum in opposition to re 74 Second MOTION to Intervene filed by SOLENEX LLC. (Attachments: # 1 Exhibit Applicants' Motion to Stay Briefing, # 2 Exhibit Order Granting Motion to Stay Briefing)(Lechner, Steven) (Entered: 05/27/2016) |
| 06/01/2016 | 77 | |

| | | |
|---|---|---|
| | | MOTION for Attorney Fees *and Expenses Under EAJA* by SOLENEX LLC (Attachments: # 1 Exhibit Longwell Declaration, # 2 Exhibit Lechner Declaration, # 3 Exhibit Solenex Expenses)(Lechner, Steven) (Entered: 06/01/2016) |
| 06/01/2016 | 78 | Unopposed MOTION to Stay re 77 MOTION for Attorney Fees *and Expenses Under EAJA* by SOLENEX LLC (Attachments: # 1 Text of Proposed Order)(Lechner, Steven) (Entered: 06/01/2016) |
| 06/06/2016 | | MINUTE ORDER granting 78 Unopposed Motion to Stay Proceedings Regarding Plaintiff's Application for an Award of Attorney's Fees and Expenses under the Equal Access to Justice Act ("EAJA"). It is hereby ORDERED that the motion is GRANTED and that all EAJA proceedings in this case are stayed until further order of this Court. It is further ORDERED that either party may move to lift the stay, if necessary. Signed by Judge Richard J. Leon on 06/06/2016. (lcrjl1, ) (Entered: 06/06/2016) |
| 06/06/2016 | 79 | REPLY to opposition to motion re 74 Second MOTION to Intervene filed by BLACKFEET HEADWATERS ALLIANCE, GLACIER–TWO MEDICINE ALLIANCE, MONTANA WILDERNESS ASSOCIATION, NATIONAL PARKS CONSERVATION ASSOCIATION, PIKUNI TRADITIONALIST ASSOCIATION, WILDERNESS SOCIETY. (Preso, Timothy) (Entered: 06/06/2016) |
| 06/20/2016 | 80 | Unopposed MOTION for Extension of Time to File *Index to Administrative Record* by WILLIAM AVEY, JAMIE CONNELL, MICHAEL CONNOR, SALLY JEWELL, NEIL KORNZE, LEANNE MARTEN, ADEN L. SEIDLITZ, TOM TIDWELL, STEPHANIE TOOTHMAN, THOMAS J. VILSACK (Storey, Ruth) (Entered: 06/20/2016) |
| 06/24/2016 | 81 | Joint STATUS REPORT *and Proposed Briefing Schedule* by SOLENEX LLC. (Attachments: # 1 Text of Proposed Order)(Lechner, Steven) (Entered: 06/24/2016) |
| 06/27/2016 | 82 | ORDER re 81 Joint Status Report and Proposed Briefing Schedule filed by SOLENEX LLC: It is hereby ordered that the defendant's shall file an index to their administrative record due by 6/24/2016. Plaintiff shall file any motions to complete/supplement the administrative record. and/or for discovery beyond the administrative record. Plaintiff's summary judgment motion due by 8/26/2016. Defendant's Response/Cross Motion due by 9/26/2016. Plaintiff's Reply/Response to Cross Motion due by 10/26/2016. Defendant's Reply to Cross Motion due by 11/10/2016. Plaintiff's appendix containing portions of the administrative record cited or relied up by the parties due by 12/1/2016. It is further ordered that a date for oral argument on the parties' motions will be set in a subsequent order. Signed by Judge Richard J. Leon on 06/26/16. (tb) (Entered: 06/27/2016) |
| 07/05/2016 | 83 | Unopposed MOTION to Amend/Correct *Scheduling Order* by WILLIAM AVEY, JAMIE CONNELL, MICHAEL CONNOR, SALLY JEWELL, NEIL KORNZE, LEANNE MARTEN, ADEN L. SEIDLITZ, TOM TIDWELL, STEPHANIE TOOTHMAN, THOMAS J. VILSACK (Storey, Ruth) (Entered: 07/05/2016) |
| 07/07/2016 | | MINUTE ORDER granting 83 Unopposed Motion to Amend Scheduling Order. It is hereby ORDERED that the motion is GRANTED. It is further |

| | | |
|---|---|---|
| | | ORDERED the schedule established in the Court's 82 Scheduling Order dated June 27, 2016 is modified as follows: Federal Defendants will file the final Index to the Administrative Record and will have provided the documents constituting the Administrative Record to Plaintiff's counsel on or before July 8, 2016; Plaintiff will file any motion seeking to complete or supplement the Administrative Record on or before August 12, 2016; Plaintiff will file its Motion for Summary Judgment on or before September 12, 2016. Signed by Judge Richard J. Leon on 07/07/2016. (lcrjl1, ) (Entered: 07/07/2016) |
| 07/08/2016 | 84 | NOTICE *Of Filing Administrative Record Index* by WILLIAM AVEY, JAMIE CONNELL, MICHAEL CONNOR, SALLY JEWELL, NEIL KORNZE, LEANNE MARTEN, ADEN L. SEIDLITZ, TOM TIDWELL, STEPHANIE TOOTHMAN, THOMAS J. VILSACK (Attachments: # 1 Eshibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F)(Storey, Ruth) (Entered: 07/08/2016) |
| 07/08/2016 | | Set/Reset Deadlines: Administrative Record due by 7/8/2016. Motion seeking complete or supplemental administrative record due by 8/12/2016. Summary Judgment motions due by 9/12/2016. (tb) (Entered: 07/08/2016) |
| 08/12/2016 | 85 | Consent MOTION for Extension of Time to File *Motion to Complete/Supplement the Record* by SOLENEX LLC (Attachments: # 1 Text of Proposed Order)(Lechner, Steven) (Entered: 08/12/2016) |
| 08/12/2016 | | MINUTE ORDER: Upon consideration of Plaintiff's Unopposed Motion for a Seven–Day Extension of Time to Move to Complete/Supplement the Administrative Record, and/or for Discovery Beyond the Administrative Record 85 , it is hereby ORDERED that the Motion is GRANTED and that the plaintiff shall have to and including 08/19/16 in which to move to complete/supplement the administrative record, and/or for discovery beyond the administrative record. Signed by Judge Richard J. Leon on 08/12/16. (lcrjl1, ) (Entered: 08/12/2016) |
| 08/14/2016 | | Set/Reset Deadlines: Plaintiff shall have to and including 8/19/16 within which to move to complete/supplement the administrative record, and/or for discovery beyond the administrative record. (jth) (Entered: 08/14/2016) |
| 08/17/2016 | 86 | Joint MOTION for Protective Order by WILLIAM AVEY, JAMIE CONNELL, MICHAEL CONNOR, S. M. R. JEWELL, NEIL KORNZE, LEANNE MARTEN, ADEN L. SEIDLITZ, TOM TIDWELL, STEPHANIE TOOTHMAN, THOMAS J. VILSACK (Attachments: # 1 Proposed Order)(Storey, Ruth) (Entered: 08/17/2016) |
| 08/19/2016 | 87 | NOTICE *regarding Defendants' administrative record* by SOLENEX LLC (Lechner, Steven) (Entered: 08/19/2016) |
| 08/22/2016 | 88 | PROTECTIVE ORDER: It is hereby ordered that the 86 Joint Motion for Protective Order is GRANTED and ORDERS that any references in briefs or other filings concerning the information in the listed reports will be filed under seal to preserve confidentially. Signed by Judge Richard J. Leon on 08/20/16. (tb) (Entered: 08/22/2016) |
| 09/12/2016 | 89 | MOTION for Summary Judgment by SOLENEX LLC (Attachments: # 1 Memorandum in Support, # 2 Statement of Facts)(Lechner, Steven) (Entered: 09/12/2016) |

| 09/15/2016 | 90 | MOTION for Ruling on Motion to Intervene or Leave to File Brief as Amici Curiae by BLACKFEET HEADWATERS ALLIANCE, GLACIER–TWO MEDICINE ALLIANCE, MONTANA WILDERNESS ASSOCIATION, NATIONAL PARKS CONSERVATION ASSOCIATION, PIKUNI TRADITIONALIST ASSOCIATION, WILDERNESS SOCIETY (Attachments: # 1 Proposed Order)(Preso, Timothy) (Entered: 09/15/2016) |
| 09/19/2016 | 91 | Unopposed MOTION for Leave to File *Amici Curiae Brief* by MONTANA PETROLEUM ASSOCIATION, CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA (Attachments: # 1 Exhibit Proposed Brief of Amici Curiae Chamber of Commerce of the United States of America and the Montana Petroleum Association)(Porter, James) (Entered: 09/19/2016) |
| 09/23/2016 | 92 | Unopposed MOTION for Extension of Time to File by JAMIE CONNELL, MICHAEL CONNOR, S. M. R. JEWELL, NEIL KORNZE, LEANNE MARTEN, ADEN L. SEIDLITZ, TOM TIDWELL, STEPHANIE TOOTHMAN, THOMAS J. VILSACK (Storey, Ruth) (Entered: 09/23/2016) |
| 09/26/2016 | | MINUTE ORDER: Upon consideration of Defendants' Unopposed Motion for Extension of Time 92 , it is hereby ORDERED that the Motion is GRANTED. It is further ORDERED that the following schedule will now govern the case: (1) On or before 10/03/16, defendants shall file their response to plaintiff's motion for summary judgment and their own motion for summary judgment and supporting memorandum; (2) On or before 11/02/16, plaintiff shall file its response to defendants' motion for summary judgment and its reply in support of its motion for summary judgment; (3) On or before 11/17/16, defendants shall file their reply in support of their motion for summary judgment; and (4) On or before 12/08/16, plaintiff shall file an appendix containing those portions of the administrative record cited or relied upon by the parties. Signed by Judge Richard J. Leon on 09/26/16. (lcrjl1) (Entered: 09/26/2016) |
| 09/28/2016 | | Set/Reset Deadlines: Cross Motions due by 10/3/2016. Response to Cross Motions due by 11/2/2016. Reply to Cross Motions due by 11/17/2016. Response to Motion for Summary Judgment due by 10/3/2016. Reply to Motion for Summary Judgment due by 11/2/2016. Plaintiff shall file an appendix by 12/8/2016. (tb) (Entered: 09/28/2016) |
| 10/03/2016 | 93 | Cross MOTION for Summary Judgment by WILLIAM AVEY, JAMIE CONNELL, MICHAEL CONNOR, S. M. R. JEWELL, NEIL KORNZE, ADEN L. SEIDLITZ, TOM TIDWELL, STEPHANIE TOOTHMAN, THOMAS J. VILSACK (Attachments: # 1 Memorandum in Support, # 2 Statement of Material Facts)(Storey, Ruth) (Entered: 10/03/2016) |
| 10/03/2016 | 94 | Memorandum in opposition to re 89 MOTION for Summary Judgment filed by WILLIAM AVEY, JAMIE CONNELL, MICHAEL CONNOR, S. M. R. JEWELL, NEIL KORNZE, ADEN L. SEIDLITZ, TOM TIDWELL, STEPHANIE TOOTHMAN, THOMAS J. VILSACK. (See Docket Entry 93 to view document). (znmw) (Entered: 10/04/2016) |
| 10/07/2016 | 95 | NOTICE of Appearance by Joel William West Williams on behalf of BLACKFEET TRIBE (Williams, Joel) (Entered: 10/07/2016) |
| 10/07/2016 | 96 | MOTION for Leave to File *Amicus Curiae Brief* by BLACKFEET TRIBE (Attachments: # 1 Exhibit)(Williams, Joel) (Entered: 10/07/2016) |

| 10/10/2016 | 97 | MOTION for Leave to File Amicus Brief in Opposition to Plaintiff's Motion for Summary Judgment and in Support of Federal Defendants' Motion for Summary Judgment by BLACKFEET HEADWATERS ALLIANCE, GLACIER–TWO MEDICINE ALLIANCE, MONTANA WILDERNESS ASSOCIATION, NATIONAL PARKS CONSERVATION ASSOCIATION, PIKUNI TRADITIONALIST ASSOCIATION, WILDERNESS SOCIETY (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order)(Preso, Timothy) Modified on 10/11/2016 (znmw). (Entered: 10/10/2016) |
| 10/27/2016 | 98 | Unopposed MOTION for Briefing Schedule *To Be Amended* by SOLENEX LLC (Attachments: # 1 Text of Proposed Order)(Lechner, Steven) (Entered: 10/27/2016) |
| 11/10/2016 | 99 | Memorandum in opposition to re 93 Cross MOTION for Summary Judgment filed by SOLENEX LLC. (Lechner, Steven) (Entered: 11/10/2016) |
| 11/10/2016 | 100 | REPLY to opposition to motion re 89 MOTION for Summary Judgment filed by SOLENEX LLC. (Lechner, Steven) (Entered: 11/10/2016) |
| 11/16/2016 |  | MINUTE ORDER: Upon consideration of plaintiff's Unopposed Motion to Amend the Briefing Schedule 98 , it is hereby ORDERED that the Motion is GRANTED nunc pro tunc and the following schedule is adopted: (1) On or before 11/10/16, plaintiff shall have filed its response to defendants' motion for summary judgment and its reply in support of its motion for summary judgment; (2) On or before 12/01/16, defendants shall file their reply in support of their motion for summary judgment; and (3) On or before 12/22/16, plaintiff shall file an appendix containing those portions of the administrative record cited or relied upon by the parties. Signed by Judge Richard J. Leon on 11/16/16. (lcrjl1) (Entered: 11/16/2016) |
| 11/17/2016 |  | Set/Reset Deadlines: Plaintiff's response to defendants' motion for summary judgment and reply in support of its motion for summary judgment is due by 11/10/2016; Defendants reply in support of their cross–motion for summary judgment is due by 12/1/2016; Plaintiff shall file an appendix containing those portions of the administrative record cited or relied upon by the parties by 12/22/2016. (jth) (Entered: 11/17/2016) |
| 11/28/2016 | 101 | Unopposed MOTION for Extension of Time to File Response/Reply by WILLIAM AVEY, JAMIE CONNELL, MICHAEL CONNOR, S. M. R. JEWELL, NEIL KORNZE, LEANNE MARTEN, ADEN L. SEIDLITZ, TOM TIDWELL, STEPHANIE TOOTHMAN, THOMAS J. VILSACK (Storey, Ruth) (Entered: 11/28/2016) |
| 11/28/2016 |  | MINUTE ORDER: Upon consideration of the Second Motion to Intervene 74 , it is hereby ORDERED that the applicants' Motion for as–of–right intervention is GRANTED. It is further ORDERED that the Motion for Ruling 90 and Motion to File Brief 97 are also GRANTED, and defendant–intervenors' proposed brief [97–1] is deemed filed. It is further ORDERED that the briefing schedule is amended as follows: Plaintiff may file a supplemental brief responding to defendant–intervenors' brief within 14 days of the filing of this minute order, and defendant's and defendant–intervenors' replies in support of defendant's motion for summary judgment shall be filed within 28 days of the filing of this minute order. Defendant's Unopposed Motion for Extension of |

| | | |
|---|---|---|
| | | Time 101 is therefore DISMISSED as MOOT. SO ORDERED. Signed by Judge Richard J. Leon on 11/28/16. (lcrjl1) (Entered: 11/28/2016) |
| 11/28/2016 | | MMINUTE ORDER: Upon consideration of the Motion by the United States Chamber of Commerce and the Montana Petroleum Association for Leave to Appear as Amici Curiae 91 , it is hereby ORDERED that the Motion is GRANTED and that the proposed amici curiae brief is deemed filed. Signed by Judge Richard J. Leon on 11/28/16. (lcrjl1) (Entered: 11/28/2016) |
| 11/28/2016 | | MMINUTE ORDER: Upon consideration of the Motion of Blackfeet Tribe for Leave to File Brief as Amicus Curiae 96 , it is hereby ORDERED that the Motion is GRANTED and that the proposed amicus curiae brief is deemed filed. Signed by Judge Richard J. Leon on 11/28/16. (lcrjl1) (Entered: 11/28/2016) |
| 11/28/2016 | 102 | ANSWER to 73 Amended Complaint by BLACKFEET HEADWATERS ALLIANCE, GLACIER–TWO MEDICINE ALLIANCE, MONTANA WILDERNESS ASSOCIATION, NATIONAL PARKS CONSERVATION ASSOCIATION, PIKUNI TRADITIONALIST ASSOCIATION, WILDERNESS SOCIETY. Related document: 73 Amended Complaint filed by SOLENEX LLC.(znmw) (Entered: 11/29/2016) |
| 11/28/2016 | 103 | Corporate Disclosure Statement by BLACKFEET HEADWATERS ALLIANCE, GLACIER–TWO MEDICINE ALLIANCE, MONTANA WILDERNESS ASSOCIATION, NATIONAL PARKS CONSERVATION ASSOCIATION, PIKUNI TRADITIONALIST ASSOCIATION, WILDERNESS SOCIETY. (znmw) (Entered: 11/29/2016) |
| 11/28/2016 | 104 | Memorandum in opposition to re 89 MOTION for Summary Judgment filed by BLACKFEET HEADWATERS ALLIANCE, GLACIER–TWO MEDICINE ALLIANCE, MONTANA WILDERNESS ASSOCIATION, NATIONAL PARKS CONSERVATION ASSOCIATION, PIKUNI TRADITIONALIST ASSOCIATION, WILDERNESS SOCIETY. (znmw) (Entered: 11/29/2016) |
| 11/28/2016 | 105 | AMICUS BRIEF by CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA, MONTANA PETROLEUM ASSOCIATION. (znmw) (Entered: 11/29/2016) |
| 11/28/2016 | 106 | AMICUS BRIEF by BLACKFEET TRIBE. (znmw) (Entered: 11/29/2016) |
| 12/06/2016 | 107 | Unopposed MOTION for Briefing Schedule *To Be Amended* by SOLENEX LLC (Attachments: # 1 Text of Proposed Order)(Lechner, Steven) (Entered: 12/06/2016) |
| 12/07/2016 | 108 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Aurora R. Janke, :Firm– Earthjustice, :Address– 313 East Main St. Bozeman, MT 59715. Phone No. – 406–586–9699. Fax No. – 406–586–9695 Filing fee $ 100, receipt number 0090–4767709. Fee Status: Fee Paid. by BLACKFEET HEADWATERS ALLIANCE, GLACIER–TWO MEDICINE ALLIANCE, MONTANA WILDERNESS ASSOCIATION, NATIONAL PARKS CONSERVATION ASSOCIATION, PIKUNI TRADITIONALIST ASSOCIATION, WILDERNESS SOCIETY (Attachments: # 1 Declaration of Aurora R. Janke, # 2 Proposed Order)(Preso, Timothy) (Entered: 12/07/2016) |
| 12/10/2016 | | |

| | | |
|---|---|---|
| | | MINUTE ORDER: Upon consideration of plaintiff's Unopposed Motion to Amend the Briefing Schedule <u>107</u> , it is hereby ORDERED that the Motion is GRANTED and that the following schedule shall govern the remaining briefing in this case: (1) On or before 12/16/16, plaintiff shall file a supplemental brief in opposition to defendant–intervenors' brief; (2) on or before 01/06/17, defendants and defendant–intervenors shall file their reply briefs; and (3) on or before 01/20/17, plaintiff shall file an appendix containing those portions of the administrative record cited or relied upon by the parties. Signed by Judge Richard J. Leon on 12/10/16. (lcrjl1) (Entered: 12/10/2016) |
| 12/10/2016 | | MINUTE ORDER: Upon consideration of the Unopposed Motion of Aurora R. Janke to Appear Pro Hac Vice <u>108</u> , it is hereby ORDERED that the Motion is GRANTED and that Aurora R. Janke is admitted pro hac vice in this matter. Signed by Judge Richard J. Leon on 12/10/16. (lcrjl1) (Entered: 12/10/2016) |
| 12/12/2016 | | Set/Reset Deadlines: Supplemental brief due by 12/16/2016. Response due by 1/6/2017. Reply due by 1/20/2017. (tb) (Entered: 12/12/2016) |
| 12/16/2016 | <u>109</u> | SUPPLEMENTAL MEMORANDUM re <u>104</u> Memorandum in Opposition, filed by SOLENEX LLC. (Lechner, Steven) Modified event title on 12/19/2016 (znmw). (Entered: 12/16/2016) |
| 12/20/2016 | <u>110</u> | MANDATE of USCA as to <u>28</u> Notice of Appeal to DC Circuit Court, filed by BLACKFEET HEADWATERS ALLIANCE, MONTANA WILDERNESS ASSOCIATION, GLACIER–TWO MEDICINE ALLIANCE, NATIONAL PARKS CONSERVATION ASSOCIATION, WILDERNESS SOCIETY ; USCA Case Number 14–5193. (Attachments: # <u>1</u> USCA Order 14–5193)(td) (Entered: 12/20/2016) |
| 12/20/2016 | <u>111</u> | NOTICE of Appearance by Marissa Ann Piropato on behalf of WILLIAM AVEY, JAMIE CONNELL, MICHAEL CONNOR, S. M. R. JEWELL, NEIL KORNZE, LEANNE MARTEN, ADEN L. SEIDLITZ, TOM TIDWELL, STEPHANIE TOOTHMAN, THOMAS J. VILSACK (Piropato, Marissa) (Entered: 12/20/2016) |
| 01/06/2017 | <u>112</u> | REPLY to opposition to motion re <u>93</u> Cross MOTION for Summary Judgment filed by BLACKFEET HEADWATERS ALLIANCE, GLACIER–TWO MEDICINE ALLIANCE, MONTANA WILDERNESS ASSOCIATION, NATIONAL PARKS CONSERVATION ASSOCIATION, PIKUNI TRADITIONALIST ASSOCIATION, WILDERNESS SOCIETY. (Attachments: # <u>1</u> Exhibit)(Preso, Timothy) (Entered: 01/06/2017) |
| 01/06/2017 | <u>113</u> | REPLY to opposition to motion re <u>93</u> Cross MOTION for Summary Judgment filed by WILLIAM AVEY, JAMIE CONNELL, MICHAEL CONNOR, S. M. R. JEWELL, NEIL KORNZE, FAYE KRUEGER, LEANNE MARTEN, MIKE POOL, ADEN L. SEIDLITZ, CAROL SHULL, TOM TIDWELL, STEPHANIE TOOTHMAN, THOMAS J. VILSACK. (Most, John) (Entered: 01/06/2017) |
| 01/19/2017 | <u>114</u> | ADMINISTRATIVE RECORD *Appendix Vol. VIII, Part 1* by SOLENEX LLC. (Attachments: # <u>1</u> Appendix Vol. VIII, Part 2, # <u>2</u> Appendix Vol. VIII, Part 3, # <u>3</u> Appendix Vol. VIII, Part 4, # <u>4</u> Appendix Vol. VIII, Part 5)(Lechner, Steven) (Entered: 01/19/2017) |
| 01/23/2017 | <u>115</u> | |

ADMINISTRATIVE RECORD *Appendix Vol. IX, Part 1* by SOLENEX LLC. (Attachments: # 1 Appendix Vol. IX, Part 2, # 2 Appendix Vol. IX, Part 3, # 3 Appendix Vol. IX, Part 4, # 4 Appendix Vol. IX, Part 5, # 5 Appendix Vol. IX, Part 6, # 6 Appendix Vol. IX, Part 7, # 7 Appendix Vol. IX, Part 8, # 8 Appendix Vol. IX, Part 9, # 9 Appendix Vol. IX, Part 10, # 10 Appendix Vol. IX, Part 11, # 11 Appendix Vol. IX, Part 12, # 12 Appendix Vol. IX, Part 13, # 13 Appendix Vol. IX, Part 14, # 14 Appendix Vol. IX, Part 15)(Lechner, Steven) (Entered: 01/23/2017)

| 01/23/2017 | 116 | ADMINISTRATIVE RECORD *Appendix Vol. X, Part 1* by SOLENEX LLC. (Attachments: # 1 Appendix Vol. X, Part 2, # 2 Appendix Vol. X, Part 3, # 3 Appendix Vol. X, Part 4, # 4 Appendix Vol. X, Part 5, # 5 Appendix Vol. X, Part 6, # 6 Appendix Vol. X, Part 7, # 7 Appendix Vol. X, Part 8)(Lechner, Steven) (Entered: 01/23/2017) |
| --- | --- | --- |
| 02/28/2017 | 117 | NOTICE *of Filing (i) declarations certifying supplements to the administrative record, and (ii) supplemental indices to the administrative record,* by JAMIE CONNELL, MICHAEL CONNOR, S. M. R. JEWELL, NEIL KORNZE, LEANNE MARTEN, ADEN L. SEIDLITZ, TOM TIDWELL, STEPHANIE TOOTHMAN, THOMAS J. VILSACK (Attachments: # 1 Exhibit BLM certifying declaration, # 2 Exhibit Forest Service certifying declaration)(Most, John) (Entered: 02/28/2017) |
| 03/29/2017 | | MINUTE ORDER: In light of the Court's prior 06/16/16 minute order granting Unopposed Motion to Stay Proceedings Regarding Plaintiff's Application for an Award of Attorney's Fees and Expenses 78 , it is formally ORDERED that Plaintiff's Application for an Award of Attorney's Fees 77 is held in abeyance until further order of this Court. As noted in the Court's prior Minute Order, either party may move to have the Court lift the stay. Signed by Judge Richard J. Leon on 03/29/17. (lcrjl1) (Entered: 03/29/2017) |
| 05/19/2017 | 118 | NOTICE of Appearance by John S. Most on behalf of S. M. R. JEWELL (Most, John) (Entered: 05/19/2017) |
| 05/19/2017 | 119 | NOTICE of Appearance by Clare Marie Boronow on behalf of All Defendants (Boronow, Clare) (Entered: 05/19/2017) |
| 05/22/2017 | 120 | NOTICE *to Clerk of Automatic Substitution of Parties Defendant in accord with Fed. R. Civ. P. 25(d)* by S. M. R. JEWELL (Most, John) (Entered: 05/22/2017) |
| 05/31/2017 | 121 | MOTION to Expedite *and/or for Oral Argument* by SOLENEX LLC (Attachments: # 1 Text of Proposed Order)(Lechner, Steven). Added MOTION for Hearing (Oral Argument) on 6/1/2017 (znmw). (Entered: 05/31/2017) |
| 06/13/2017 | 122 | RESPONSE re 121 MOTION to Expedite *and/or for Oral Argument* MOTION for Hearing filed by TOM TIDWELL, RYAN ZINKE. (Most, John) (Entered: 06/13/2017) |
| 06/13/2017 | 123 | RESPONSE re 121 MOTION to Expedite *and/or for Oral Argument* MOTION for Hearing filed by BLACKFEET HEADWATERS ALLIANCE, GLACIER–TWO MEDICINE ALLIANCE, MONTANA WILDERNESS ASSOCIATION, NATIONAL PARKS CONSERVATION ASSOCIATION, PIKUNI TRADITIONALIST ASSOCIATION, WILDERNESS SOCIETY. (Janke, Aurora) (Entered: 06/13/2017) |

| 07/07/2017 | 124 | | NOTICE *of Filing Declaration Certifying Supplements to Forest Service Administrative Record* by RYAN ZINKE (Attachments: # 1 Vaculik declaration with attached indices)(Most, John) (Entered: 07/07/2017) |
|---|---|---|---|
| 09/26/2017 | | | MINUTE ORDER: It is hereby ORDERED that the stay in the proceedings regarding plaintiff's application for an award of attorney's fees and expenses under the Equal Access to Justice Act be lifted. It is further ORDERED that, upon consideration of 77 Plaintiff's Application for an Award of Attorney's Fees and Expenses Under the Equal Access to Justice Act, the motion is DISMISSED WITHOUT PREJUDICE. If appropriate, plaintiff may reconstitute and refile its motion following resolution of the remaining claims in this case. Signed by Judge Richard J. Leon on 09/26/2017. (lcrjl1) (Entered: 09/26/2017) |
| 02/07/2018 | 125 | | NOTICE *of filing of map supplementing administrative record and of certifying declaration* by RYAN ZINKE (Attachments: # 1 Exhibit Map, # 2 Exhibit Certifying Declaration)(Most, John) (Entered: 02/07/2018) |
| 02/26/2018 | | | MINUTE SCHEDULING ORDER. It is hereby ORDERED that a motions hearing on 89 Plaintiff's Motion for Summary Judgment and 93 Federal Defendants' Cross−Motion for Summary Judgment shall be held on March 14, 2018 at 3:30 PM in Courtroom 18 before Judge Richard J. Leon. SO ORDERED. Signed by Judge Richard J. Leon on 2/26/2018. (lcrjl1) (Entered: 02/26/2018) |
| 03/14/2018 | | | Minute Entry for Proceedings held before Judge Richard J. Leon: Motions Hearing held on 3/14/2018 re: 89 Motion for Summary Judgment filed by Plaintiff SOLENEX LLC, and 93 Cross Motion for Summary Judgment filed by Federal Defendants' RYAN ZINKE, ET AL., Both Motions 89 93 were Heard and Taken Under Advisement. (Court Reporter: William P. Zaremba) (jth) (Entered: 03/14/2018) |
| 04/03/2018 | 126 | | TRANSCRIPT OF MOTIONS HEARING PROCEEDINGS before Judge Richard J. Leon held on March 14, 2018; Page Numbers: 1−50. Date of Issuance: April 3, 2018. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354−3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the c ourt reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 4/24/2018. Redacted Transcript Deadline set for 5/4/2018. Release of Transcript Restriction set for 7/2/2018.(wz) (Entered: |

| | | | |
|---|---|---|---|
| | | | 04/03/2018) |
| 05/01/2018 | 127 | | MOTION to Withdraw as Attorney by BLACKFEET HEADWATERS ALLIANCE, GLACIER–TWO MEDICINE ALLIANCE, MONTANA WILDERNESS ASSOCIATION, NATIONAL PARKS CONSERVATION ASSOCIATION, PIKUNI TRADITIONALIST ASSOCIATION, WILDERNESS SOCIETY (Attachments: # 1 Text of Proposed Order)(Janke, Aurora) (Entered: 05/01/2018) |
| 05/04/2018 | | | MINUTE ORDER granting 127 Motion to Withdraw as Attorney for Defendant–Intervenors by AURORA R. JANKE. It is hereby ORDERED that Attorney AURORA R. JANKE's appearance in this matter is terminated. SO ORDERED. By Judge Richard J. Leon on 5/4/2018. (jth) (Entered: 05/04/2018) |
| 05/04/2018 | 128 | | NOTICE of Appearance by William Perry Pendley on behalf of SOLENEX LLC (Pendley, William) (Entered: 05/04/2018) |
| 05/10/2018 | 129 | | NOTICE OF WITHDRAWAL OF APPEARANCE as to SOLENEX LLC. Attorney Steven James Lechner terminated. (Pendley, William) (Entered: 05/10/2018) |
| 09/24/2018 | 130 | | MEMORANDUM OPINION. Signed by Judge Richard J. Leon on 9/24/2018. (jth) (Entered: 09/24/2018) |
| 09/24/2018 | 131 | | ORDER. For the reasons set forth in the accompanying Memorandum Opinion, it is hereby ORDERED that plaintiff's 89 Motion for Summary Judgment is GRANTED; it is further ORDERED that defendants' 93 Cross–Motion for Summary Judgment is DENIED; and it is further ORDERED that plaintiff's lease be reinstated. SO ORDERED. Signed by Judge Richard J. Leon on 9/24/2018. (jth) (Entered: 09/24/2018) |
| 11/20/2018 | 132 | | ENTERED IN ERROR.....NOTICE *of Appeal to the United States Court of Appeals for the D.C. Circuit* by WILLIAM AVEY, JAMES E. CASON, MICHAEL D. NEDD, GEORGE E. PERDUE, III, JON RABY, RYAN ZINKE (Most, John) Modified on 11/20/2018 (jf). (Entered: 11/20/2018) |
| 11/20/2018 | 133 | | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 131 Order on Motion for Summary Judgment,,, 130 Memorandum & Opinion by BLACKFEET HEADWATERS ALLIANCE, GLACIER–TWO MEDICINE ALLIANCE, MONTANA WILDERNESS ASSOCIATION, NATIONAL PARKS CONSERVATION ASSOCIATION, PIKUNI TRADITIONALIST ASSOCIATION, WILDERNESS SOCIETY. Filing fee $ 505, receipt number 0090–5801285. Fee Status: Fee Paid. Parties have been notified. (Preso, Timothy) (Entered: 11/20/2018) |
| 11/20/2018 | | | NOTICE OF CORRECTED DOCKET ENTRY: Document No. re 132 Notice of Appeal was entered in error and counsel was instructed to refile said pleading using the Appeal Event Category. (jf) (Entered: 11/20/2018) |
| 11/20/2018 | 134 | | Transmission of the Notice of Appeal, Order Appealed (Memorandum Opinion), and Docket Sheet to US Court of Appeals. The Court of Appeals fee was paid this date re 133 Notice of Appeal to DC Circuit Court. (jf) (Entered: 11/20/2018) |
| 11/20/2018 | 135 | | |

| | | | |
|---|---|---|---|
| | | | NOTICE OF APPEAL TO DC CIRCUIT COURT by RYAN ZINKE, JAMES E. CASON, MICHAEL D. NEDD, WILLIAM AVEY, JON RABY, GEORGE E. PERDUE, III. Fee Status: No Fee Paid. Parties have been notified. (Most, John) (Entered: 11/20/2018) |
| 11/21/2018 | 136 | | Transmission of the Notice of Appeal, Order Appealed (Memorandum Opinion), and Docket Sheet to US Court of Appeals. The Court of Appeals docketing fee was not paid because the appeal was filed by the government re 135 Notice of Appeal to DC Circuit Court. (jf) (Entered: 11/21/2018) |
| 11/28/2018 | | | USCA Case Number 18–5343 for 133 Notice of Appeal to DC Circuit Court, filed by BLACKFEET HEADWATERS ALLIANCE, PIKUNI TRADITIONALIST ASSOCIATION, MONTANA WILDERNESS ASSOCIATION, GLACIER–TWO MEDICINE ALLIANCE, NATIONAL PARKS CONSERVATION ASSOCIATION, WILDERNESS SOCIETY. (zrdj) (Entered: 12/03/2018) |
| 11/28/2018 | | | USCA Case Number 18–5345 for 135 Notice of Appeal to DC Circuit Court filed by JON RABY, RYAN ZINKE, WILLIAM AVEY, MICHAEL D. NEDD, JAMES E. CASON, GEORGE E. PERDUE, III. (zrdj) (Entered: 12/03/2018) |
| 08/10/2020 | 137 | | MANDATE of USCA as to 135 Notice of Appeal to DC Circuit Court filed by JON RABY, RYAN ZINKE, WILLIAM AVEY, MICHAEL D. NEDD, JAMES E. CASON, GEORGE E. PERDUE, III, 133 Notice of Appeal to DC Circuit Court, filed by BLACKFEET HEADWATERS ALLIANCE, PIKUNI TRADITIONALIST ASSOCIATION, MONTANA WILDERNESS ASSOCIATION, GLACIER–TWO MEDICINE ALLIANCE, NATIONAL PARKS CONSERVATION ASSOCIATION, WILDERNESS SOCIETY ; USCA Case Number 18–5343. (Attachment: # 1 USCA Judgment)(zsb) (Entered: 08/11/2020) |
| 09/08/2020 | 138 | | NOTICE of Appearance by Zhonette M. Brown on behalf of SOLENEX LLC (Brown, Zhonette) (Entered: 09/08/2020) |
| 09/08/2020 | 139 | | NOTICE of Appearance by David C. McDonald on behalf of SOLENEX LLC (McDonald, David) (Entered: 09/08/2020) |
| 09/16/2020 | 140 | | NOTICE OF WITHDRAWAL OF APPEARANCE as to SOLENEX LLC. Attorney William Perry Pendley terminated. (Brown, Zhonette) (Entered: 09/16/2020) |
| 11/01/2020 | | | MINUTE ORDER. It is hereby ORDERED that the parties shall submit a joint status report by 12/1/2020 providing a proposed plan for further briefing. SO ORDERED. Signed by Judge Richard J. Leon on 11/01/2020. (lcrjl3) (Entered: 11/01/2020) |
| 11/02/2020 | 141 | | NOTICE of Appearance by Arwyn Carroll on behalf of All Defendants (Carroll, Arwyn) (Entered: 11/02/2020) |
| 11/02/2020 | 142 | | NOTICE OF WITHDRAWAL OF APPEARANCE as to WILLIAM AVEY, JAMES E. CASON, LEANNE MARTEN, MICHAEL D. NEDD, GEORGE E. PERDUE, III, JON RABY, TOM TIDWELL, STEPHANIE TOOTHMAN, JEFFREY H. WOOD, RYAN ZINKE. Attorney John S. Most and Ruth Ann Storey terminated. (Carroll, Arwyn) (Entered: 11/02/2020) |

| 12/01/2020 | 143 | | Joint STATUS REPORT *AND PROPOSED BRIEFING SCHEDULE* by SOLENEX LLC. (Brown, Zhonette) (Entered: 12/01/2020) |
|---|---|---|---|
| 12/02/2020 | | | MINUTE ORDER. It is hereby ORDERED that the following briefing schedule shall apply to the parties' motions for summary judgment: plaintiff shall file a motion for summary judgment addressing all claims and arguments 56 days after the Court rules on its motion to amend the complaint; defendant shall file any opposition and cross motion 56 days after plaintiff files its motion for summary judgment; defendant–intervenors will file any opposition and cross motion 70 days after plaintiff files its motion for summary judgment; plaintiff will file its reply in support of its motion for summary judgment and response to any cross motion 84 days after it files its motion for summary judgment; federal defendants and defendant–intervenors will file any reply on any cross motion for summary judgment 98 days after plaintiff files its motion for summary judgment. SO ORDERED. Signed by Judge Richard J. Leon on 12/2/2020. (lcrjl3) (Entered: 12/02/2020) |
| 12/02/2020 | 144 | | MOTION to Amend/Correct *(Motion for Leave to File Second Amended and Supplemental Complaint)* by SOLENEX LLC (Attachments: # 1 Second Amended and Supplemental Complaint, # 2 Text of Proposed Order Proposed Order)(Brown, Zhonette) (Entered: 12/02/2020) |
| 12/09/2020 | 145 | | Joint MOTION for Briefing Schedule *on Plaintiff's Motion to Amend the Complaint* by WILLIAM AVEY, DAVID BERNHARDT, JAMES E. CASON, LEANNE MARTEN, MICHAEL D. NEDD, GEORGE E. PERDUE, III, JON RABY, TOM TIDWELL, STEPHANIE TOOTHMAN, JEFFREY H. WOOD (Attachments: # 1 Text of Proposed Order)(Carroll, Arwyn) (Entered: 12/09/2020) |
| 12/09/2020 | | | MINUTE ORDER. Upon consideration of the parties' 145 Joint Motion to Enter Agreed–To Briefing Schedule for Plaintiff's Motion to Amend the Complaint, it is hereby ORDERED that the motion is GRANTED. It is further ORDERED that federal defendants and defendant–intervenors shall file their oppositions to the motion to amend the complaint on or before 12/23/2020, and Solenex shall file its reply in support of its motion to amend the complaint on or before 1/8/2021. SO ORDERED. Signed by Judge Richard J. Leon on 12/09/2020. (lcrjl3) (Entered: 12/09/2020) |
| 12/23/2020 | 146 | | Memorandum in opposition to re 144 MOTION to Amend/Correct *(Motion for Leave to File Second Amended and Supplemental Complaint)* filed by BLACKFEET HEADWATERS ALLIANCE, GLACIER–TWO MEDICINE ALLIANCE, MONTANA WILDERNESS ASSOCIATION, NATIONAL PARKS CONSERVATION ASSOCIATION, PIKUNI TRADITIONALIST ASSOCIATION, WILDERNESS SOCIETY. (Attachments: # 1 Text of Proposed Order)(Preso, Timothy) (Entered: 12/23/2020) |
| 12/23/2020 | 147 | | Memorandum in opposition to re 144 MOTION to Amend/Correct *(Motion for Leave to File Second Amended and Supplemental Complaint)* filed by WILLIAM AVEY, DAVID BERNHARDT, JAMES E. CASON, LEANNE MARTEN, MICHAEL D. NEDD, GEORGE E. PERDUE, III, JON RABY, TOM TIDWELL, STEPHANIE TOOTHMAN. (Attachments: # 1 Text of Proposed Order)(Carroll, Arwyn) (Entered: 12/23/2020) |
| 01/08/2021 | 148 | | |

| | | |
|---|---|---|
| | | REPLY to opposition to motion re <u>144</u> MOTION to Amend/Correct *(Motion for Leave to File Second Amended and Supplemental Complaint)* filed by SOLENEX LLC. (McDonald, David) (Entered: 01/08/2021) |
| 01/24/2021 | <u>149</u> | NOTICE of Appearance by Ivan L London on behalf of SOLENEX LLC (London, Ivan) (Entered: 01/24/2021) |
| 09/29/2021 | | MINUTE ORDER. Upon consideration of plaintiff's <u>144</u> Motion for Leave to File Second Amended and Supplemental Complaint, it is hereby ORDERED that the motion is GRANTED. Under Federal Rule of Civil Procedure 15(a)(2), I "should freely give leave" to amend "when justice so requires." Here, I find––most importantly––that granting the amendment would result in very little prejudice to the defendants. See Petworth Holdings, LLC v. Bowser, 333 F.R.D. 297, 300 (D.D.C. 2019) (Boasberg, J.) ("The most important factor the Court must consider when determining whether to grant leave to amend is the possibility of prejudice to the opposing party." (citations, quotations, and alterations omitted)). Plaintiff's amendments add––and supplement––claims challenging discrete aspects of the Government's ultimate decision to disallow resource exploitation by the plaintiff on public land. Thus, the amendments are distinct but closely related and do not raise remote issues or significantly complicate the case. See, e.g., Djourabchi v. Self, 240 F.R.D. 5, 1314 (D.D.C. 2006) (Lamberth, J.) (granting motion for leave to file where new claims were "not remote to plaintiffs' other claims"); United States ex rel. Scott v. Pac. Architects & Engineers (PAE), Inc., 327 F.R.D. 17, 21 (D.D.C. 2018) (Kollar–Kotelly, J.) (granting leave to file where "edits [w]ould not cause significant changes in Defendant's approach to this case, nor otherwise entail high costs"). Supplementing and/or defending the adequacy of the administrative record in response to these amendments is a relatively minor burden that is insufficient to overcome the liberal standard of Rule 15. Moreover, defendants will be given the opportunity to address all amendments to the complaint in a renewed motion. Finally, while I find that plaintiff could have––and should have––brought its claims earlier, this delay does not warrant denial of plaintiff's proposed amendments under these circumstances, where there is little prejudice and where the Government's decades–long delay brought about this suit in the first instance. See Atchinson v. D.C., 73 F.3d 418, 426 (D.C. Cir. 1996) ("Consideration of whether delay is undue, however, should generally take into account the actions of other parties and the possibility of any resulting prejudice."). The Clerk is directed to docket plaintiff's [144–1] Second Amended and Supplemental Complaint. SO ORDERED. Signed by Judge Richard J. Leon on 09/29/2021. (lcrjl3) (Entered: 09/29/2021) |
| 09/29/2021 | <u>151</u> | SECOND AMENDED COMPLAINT against WILLIAM AVEY, DAVID BERNHARDT, KATHARINE MACGREGOR, WILLIAM PERRY PENDLEY, JOHN MEHLHOFF, SONNY PERDUE, VICKI CHRISTIANSEN, TOM SCHMIDT, JOY BEASLEY filed by SOLENEX LLC.(znmw) (Entered: 10/05/2021) |
| 10/05/2021 | <u>150</u> | Unopposed MOTION for Extension of Time to File Answer by WILLIAM AVEY, DAVID BERNHARDT, JAMES E. CASON, LEANNE MARTEN, MICHAEL D. NEDD, GEORGE E. PERDUE, III, JON RABY, TOM TIDWELL, STEPHANIE TOOTHMAN, JEFFREY H. WOOD. (Attachments: # <u>1</u> Text of Proposed Order)(Carroll, Arwyn) (Entered: 10/05/2021) |

| 10/05/2021 | | | MINUTE ORDER. Upon consideration of federal defendants' 150 Unopposed Motion for Extension of Time to Respond to Second Amended and Supplemental Complaint, it is hereby ORDERED that the motion is GRANTED. Federal defendants shall file an answer or otherwise respond to the 151 Second Amended and Supplemental Complaint on or before 11/08/2021. SO ORDERED. Signed by Judge Richard J. Leon on 10/05/2021. (Entered: 10/05/2021) |
|---|---|---|---|
| 11/08/2021 | 152 | | ANSWER to 151 Amended Complaint by WILLIAM AVEY, JOY BEASLEY, DAVID BERNHARDT, VICKI CHRISTIANSEN, KATHARINE MACGREGOR, JOHN MEHLHOFF, WILLIAM PERRY PENDLEY, SONNY PERDUE, TOM SCHMIDT.(Carroll, Arwyn) (Entered: 11/08/2021) |
| 11/08/2021 | 153 | | NOTICE *to Clerk of Substitution of Named Defendants* by WILLIAM AVEY, JOY BEASLEY, DAVID BERNHARDT, VICKI CHRISTIANSEN, KATHARINE MACGREGOR, JOHN MEHLHOFF, WILLIAM PERRY PENDLEY, SONNY PERDUE, TOM SCHMIDT (Carroll, Arwyn) (Entered: 11/08/2021) |
| 11/18/2021 | 154 | | Unopposed MOTION for Extension of Time to *File its Motion for Summary Judgment* by SOLENEX LLC. (Attachments: # 1 Text of Proposed Order)(Brown, Zhonette) (Entered: 11/18/2021) |
| 11/19/2021 | | | MINUTE ORDER. Upon consideration of plaintiff's 154 Unopposed Motion for Extension of Time, it is hereby ORDERED that the motion is GRANTED. Plaintiff shall file its motion for summary judgment on or before 12/21/2021. Defendant and defendant–intervenors shall file any opposition on or before 02/15/2022. SO ORDERED. Signed by Judge Richard J. Leon on 11/19/2021. (lcrjl3) (Entered: 11/19/2021) |
| 12/15/2021 | 155 | | Unopposed MOTION for Leave to File Excess Pages by SOLENEX LLC. (Attachments: # 1 Text of Proposed Order)(Brown, Zhonette) (Entered: 12/15/2021) |
| 12/16/2021 | | | MINUTE ORDER. Upon consideration of plaintiff's 155 Unopposed Motion for Leave to Exceed Page Limits Specified by Local Rule, it is hereby ORDERED that the motion is GRANTED. It is further ORDERED that (1) plaintiff is permitted to file a motion for summary judgment and associated memorandum in support not to exceed 65 pages; (2) defendant and defendant–intervenors are permitted to file cross motions for summary judgment/oppositions to plaintiff's motion for summary judgment not to exceed 65 pages; and (3) plaintiff is permitted to file response/reply briefs in response to the oppositions which do not exceed 30 pages in length. SO ORDERED. Signed by Judge Richard J. Leon on 12/16/2021. (lcrjl3) (Entered: 12/16/2021) |
| 12/21/2021 | 156 | | MOTION for Summary Judgment by SOLENEX LLC. (Attachments: # 1 Text of Proposed Order)(Brown, Zhonette) (Entered: 12/21/2021) |
| 01/14/2022 | 157 | | NOTICE *of Filing Supplement to Administrative Record and Certifying Declaration* by WILLIAM AVEY, JOY BEASLEY, TOMMY BEAUDREAU, DEBRA HAALAND, LEANNE HARLAN, JOHN MEHLHOFF, RANDY MOORE, TRACY STONE–MANNING, THOMAS J. VILSACK(Secretary, U.S. Department of Agriculture) (Attachments: # 1 Exhibit 1 – Supplemental Index, # 2 Exhibit 2 – Certifying Declaration)(Carroll, Arwyn) (Entered: 01/14/2022) |

| 01/14/2022 | 158 | Joint MOTION for Protective Order by WILLIAM AVEY, JOY BEASLEY, TOMMY BEAUDREAU, DEBRA HAALAND, LEANNE MARTIN, JOHN MEHLHOFF, RANDY MOORE, TRACY STONE–MANNING, THOMAS J. VILSACK(Secretary, U.S. Department of Agriculture). (Attachments: # 1 Text of Proposed Order)(Carroll, Arwyn) (Entered: 01/14/2022) |
|---|---|---|
| 01/19/2022 | 159 | AMENDED PROTECTIVE ORDER. See attached order for details. Signed by Judge Richard J. Leon on 01/18/2022. (lcrjl3) (Entered: 01/19/2022) |
| 02/07/2022 | 160 | MOTION for Extension of Time to File Response/Reply by WILLIAM AVEY, JOY BEASLEY, TOMMY BEAUDREAU, DEBRA HAALAND, LEANNE MARTIN, JOHN MEHLHOFF, RANDY MOORE, TRACY STONE–MANNING, THOMAS J. VILSACK(Secretary, U.S. Department of Agriculture). (Attachments: # 1 Text of Proposed Order)(Carroll, Arwyn) (Entered: 02/07/2022) |
| 02/07/2022 | 161 | Amended MOTION for Extension of Time to File Response/Reply by WILLIAM AVEY, JOY BEASLEY, TOMMY BEAUDREAU, DEBRA HAALAND, LEANNE MARTIN, JOHN MEHLHOFF, RANDY MOORE, TRACY STONE–MANNING, THOMAS J. VILSACK(Secretary, U.S. Department of Agriculture). (Attachments: # 1 Text of Proposed Order)(Carroll, Arwyn) (Entered: 02/07/2022) |
| 02/07/2022 | | MINUTE ORDER. Upon consideration of federal defendants' 161 Amended, Unopposed Motion for Extension of Time to File Cross–Motion and Response to Solenex's Motion for Summary Judgment, it is hereby ORDERED that the motion is GRANTED. It is further ORDERED that federal defendants and defendant–intervenors shall file their cross–motions and responses on or before 02/18/2022. SO ORDERED. Signed by Judge Richard J. Leon on 02/07/2022. (lcrjl3) (Entered: 02/07/2022) |
| 02/18/2022 | 162 | MOTION for Summary Judgment by BLACKFEET HEADWATERS ALLIANCE, GLACIER–TWO MEDICINE ALLIANCE, MONTANA WILDERNESS ASSOCIATION, NATIONAL PARKS CONSERVATION ASSOCIATION, PIKUNI TRADITIONALIST ASSOCIATION, WILDERNESS SOCIETY. (Attachments: # 1 Text of Proposed Order Proposed Order)(Preso, Timothy) (Entered: 02/18/2022) |
| 02/18/2022 | 163 | Memorandum in opposition to re 156 MOTION for Summary Judgment filed by BLACKFEET HEADWATERS ALLIANCE, GLACIER–TWO MEDICINE ALLIANCE, MONTANA WILDERNESS ASSOCIATION, NATIONAL PARKS CONSERVATION ASSOCIATION, PIKUNI TRADITIONALIST ASSOCIATION, WILDERNESS SOCIETY. (Preso, Timothy) (Entered: 02/18/2022) |
| 02/18/2022 | 164 | Cross MOTION for Summary Judgment by WILLIAM AVEY, JOY BEASLEY, TOMMY BEAUDREAU, DEBRA HAALAND, LEANNE MARTIN, JOHN MEHLHOFF, RANDY MOORE, TRACY STONE–MANNING, THOMAS J. VILSACK(Secretary, U.S. Department of Agriculture). (Attachments: # 1 Text of Proposed Order)(Carroll, Arwyn) (Entered: 02/18/2022) |
| 02/18/2022 | 165 | Memorandum in opposition to re 156 MOTION for Summary Judgment filed by WILLIAM AVEY, JOY BEASLEY, TOMMY BEAUDREAU, DEBRA HAALAND, LEANNE MARTIN, JOHN MEHLHOFF, RANDY MOORE, |

| | | | |
|---|---|---|---|
| | | | TRACY STONE–MANNING, THOMAS J. VILSACK(Secretary, U.S. Department of Agriculture). (Carroll, Arwyn) (Entered: 02/18/2022) |
| 02/24/2022 | 166 | | ENTERED IN ERROR.....MOTION for Leave to File *Amicus Brief* by BLACKFEET TRIBE. (Attachments: # 1 Amicus Brief of Blackfeet Tribe)(Williams, Joel) Modified on 2/25/2022 (zjf). (Entered: 02/24/2022) |
| 02/25/2022 | | | NOTICE OF CORRECTED DOCKET ENTRY: Document No. re 166 MOTION for Leave to File *Amicus Brief* was entered in error and counsel was instructed to refile said pleading with a corrected Motion to Intervene as the main document. (zjf) (Entered: 02/25/2022) |
| 02/25/2022 | 167 | | MOTION for Leave to File *Amicus Brief* by BLACKFEET TRIBE. (Attachments: # 1 Amicus Brief of Blackfeet Tribe)(Williams, Joel) (Entered: 02/25/2022) |
| 02/28/2022 | | | MINUTE ORDER. Upon consideration of the 167 Blackfeet Tribe's Motion for Leave to File an Amicus Curiae Brief Supporting Defendants' Cross–Motion for Summary Judgment and Defendant–Intervenors' Motion for Summary Judgment and In Opposition to Plaintiff's Motion for Summary Judgment, it is hereby ORDERED that the motion is GRANTED. The Clerk of the Court is directed to file on the docket the [167–1] Amicus Curiae Brief of the Blackfeet Tribe. Signed by Judge Richard J. Leon on 02/28/2022. (lcrjl3) (Entered: 02/28/2022) |
| 02/28/2022 | 168 | | AMICUS BRIEF by BLACKFEET TRIBE. (zjf) (Entered: 03/03/2022) |
| 03/09/2022 | 169 | | Unopposed MOTION for Leave to File *for Leave to Exceed Page Limit* by SOLENEX LLC. (Attachments: # 1 Text of Proposed Order)(Brown, Zhonette) (Entered: 03/09/2022) |
| 03/11/2022 | | | MINUTE ORDER. Upon consideration of plaintiff's 169 Unopposed Motion for Leave to Exceed Page Limits or For Clarification, it is hereby ORDERED that the motion is GRANTED. It is further ORDERED that plaintiff is permitted to file a combined reply in support of its motion for summary judgment and opposition to federal defendants' cross motion and a combined reply/opposition to intervenor defendants' cross motion, with each brief not to exceed 45 pages. It is further ORDERED that defendants and intervenor defendants are permitted to file reply briefs, with each brief not to exceed 35 pages. SO ORDERED. Signed by Judge Richard J. Leon on 03/11/2022. (lcrjl3) (Entered: 03/11/2022) |
| 03/15/2022 | 170 | | REPLY to opposition to motion re 156 MOTION for Summary Judgment filed by SOLENEX LLC. (Brown, Zhonette) (Entered: 03/15/2022) |
| 03/15/2022 | 171 | | RESPONSE re 164 Cross MOTION for Summary Judgment filed by SOLENEX LLC. (Brown, Zhonette) (Entered: 03/15/2022) |
| 03/15/2022 | 172 | | REPLY to opposition to motion re 156 MOTION for Summary Judgment filed by SOLENEX LLC. (Brown, Zhonette) (Entered: 03/15/2022) |
| 03/15/2022 | 173 | | RESPONSE re 162 MOTION for Summary Judgment filed by SOLENEX LLC. (Brown, Zhonette) (Entered: 03/15/2022) |
| 03/17/2022 | 174 | | Unopposed MOTION for Extension of Time to File Response/Reply by WILLIAM AVEY, JOY BEASLEY, TOMMY BEAUDREAU, DEBRA |

| | | |
|---|---|---|
| | | HAALAND, LEANNE MARTIN, JOHN MEHLHOFF, RANDY MOORE, TRACY STONE–MANNING, THOMAS J. VILSACK(Secretary, U.S. Department of Agriculture). (Attachments: # 1 Text of Proposed Order)(Carroll, Arwyn) (Entered: 03/17/2022) |
| 03/17/2022 | | MINUTE ORDER. Upon consideration of federal defendants' and defendant–intervenors' 174 Unopposed, Joint Motion for Extension of Time to File Replies In Support of Cross–Motions for Summary Judgment, it is hereby ORDERED that the motion is GRANTED. It is further ORDERED that federal defendants and defendant–intervenors shall file on or before 04/12/2022 their respective reply briefs in support of their cross–motions for summary judgment. SO ORDERED. Signed by Judge Richard J. Leon on 03/17/2022. (lcrjl3) (Entered: 03/17/2022) |
| 04/12/2022 | 175 | REPLY to opposition to motion re 164 Cross MOTION for Summary Judgment filed by WILLIAM AVEY, JOY BEASLEY, TOMMY BEAUDREAU, DEBRA HAALAND, LEANNE MARTIN, JOHN MEHLHOFF, RANDY MOORE, TRACY STONE–MANNING, THOMAS J. VILSACK(Secretary, U.S. Department of Agriculture). (Carroll, Arwyn) (Entered: 04/12/2022) |
| 04/12/2022 | 176 | REPLY to opposition to motion re 162 MOTION for Summary Judgment filed by BLACKFEET HEADWATERS ALLIANCE, GLACIER–TWO MEDICINE ALLIANCE, MONTANA WILDERNESS ASSOCIATION, NATIONAL PARKS CONSERVATION ASSOCIATION, PIKUNI TRADITIONALIST ASSOCIATION, WILDERNESS SOCIETY. (Preso, Timothy) (Entered: 04/12/2022) |
| 04/26/2022 | 177 | JOINT APPENDIX *XI – FOREST SERVICE DOCUMENTS* by SOLENEX LLC. (Brown, Zhonette) (Entered: 04/26/2022) |
| 04/26/2022 | 178 | JOINT APPENDIX *XII – BLM DOCUMENTS* by SOLENEX LLC. (Brown, Zhonette) (Entered: 04/26/2022) |
| 04/26/2022 | 179 | SEALED DOCUMENT filed by SOLENEX LLC re 177 Joint Appendix (This document is SEALED and only available to authorized persons.)(Brown, Zhonette) (Entered: 04/26/2022) |
| 05/13/2022 | 180 | NOTICE OF WITHDRAWAL OF APPEARANCE as to BLACKFEET TRIBE. Attorney Joel William West Williams terminated. (Williams, Joel) (Entered: 05/13/2022) |
| 09/09/2022 | 181 | MEMORANDUM OPINION. Signed by Judge Richard J. Leon on 9/9/2022. (lcrjl3) (Entered: 09/09/2022) |
| 09/09/2022 | 182 | ORDER. See attached Order for details. Signed by Judge Richard J. Leon on 9/9/2022. (lcrjl3) (Entered: 09/09/2022) |
| 11/02/2022 | 183 | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 181 Order on Motion for Summary Judgment,, 182 Order by BLACKFEET HEADWATERS ALLIANCE, GLACIER–TWO MEDICINE ALLIANCE, MONTANA WILDERNESS ASSOCIATION, NATIONAL PARKS CONSERVATION ASSOCIATION, PIKUNI TRADITIONALIST ASSOCIATION, WILDERNESS SOCIETY. Filing fee $ 505, receipt number ADCDC–9643434. Fee Status: Fee Paid. Parties have been notified. (Preso, |

Timothy) (Entered: 11/02/2022)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SOLENEX, LLC, | ) |
| | ) |
| Plaintiff, | )    Civ. Action No. 13-993 (RJL) |
| | ) |
| v. | ) |
| | ) |
| DEBRA HAALAND, et al., | ) |
| | ) |
| Defendants, | ) |
| | ) |
| and | ) |
| | ) |
| PIKUNI TRADITIONALIST | ) |
| ASSOCIATION, et al., | ) |
| | ) |
| Defendant-Intervenors. | ) |

## NOTICE OF APPEAL BY DEFENDANT-INTERVENORS
## PIKUNI TRADITIONALIST ASSOCIATION, ET AL.

Pursuant to Federal Rules of Appellate Procedure 3 and 4(a)(1)(B), notice is hereby given

that Pikuni Traditionalist Association, Blackfeet Headwaters Alliance, Glacier-Two Medicine

Alliance, Montana Wilderness Association, National Parks Conservation Association, and The

Wilderness Society, Defendant-Intervenors in Case No. 13-CV-993-RJL, hereby appeal to the

U.S. Court of Appeals for the District of Columbia Circuit from this Court's Memorandum

Opinion and Order entered on September 9, 2022 (ECF Nos. 181 and 182).

Respectfully submitted this 2nd day of November, 2022.

/s/ Timothy J. Preso
Timothy J. Preso (D.C. Bar No. 456531)
Earthjustice
313 E. Main St.
Bozeman, MT 59715
T: 406.586.9699
F: 406.586.9695
E: tpreso@earthjustice.org

*Attorney for Defendant-Intervenors Pikuni
Traditionalist Association, et al.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was today served via the Court's CM/ECF

system on all counsel of record.

/s/ Timothy J. Preso
Timothy J. Preso

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

SOLENEX LLC,                          )
                                      )
            **Plaintiff**             )
                                      )
      v.                              )
                                      )     **Civil Case No. 13-993 (RJL)**
DEB HAALAND, in her Official          )
Capacity as Secretary of the Interior, )
et al.                                )
                                      )
            **Defendants.**

## ORDER
September _9th_, 2022 [Dkts. # 156, 162, 164]

For the reasons set forth in the Memorandum Opinion accompanying this Order, it

is hereby

**ORDERED** that plaintiff's Motion for Summary Judgment [Dkt. # 156] is

**GRANTED**; it is further

**ORDERED** that defendant-intervenors' Motion for Summary Judgment [Dkt.

# 162] is **DENIED**; it is further

**ORDERED** that defendants' Cross-Motion for Summary Judgment [Dkt. # 164] is

**DENIED**.

**SO ORDERED.**

RICHARD J. LEON
United States District Judge

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **SOLENEX, LLC,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | **Civil Case No. 13-993 (RJL)** |
| | ) | |
| **DEB HAALAND, in her Official** | ) | |
| **Capacity as Secretary of the Interior,**[1] **et** | ) | |
| **al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## MEMORANDUM OPINION
September ___, 2022 [Dkts. # 156, 162, 164]

Plaintiff Solenex, LLC ("Solenex") holds a federal oil and gas lease in Montana first issued in 1982. Yet even though the responsible federal agencies first approved a proposal to initiate drilling on the land in 1985, a never-ending series of administrative reviews have precluded any activity for nearly forty years. How Kafkaesque! Finally, in 2013, Solenex brought this suit against the Secretary of the Interior, the Secretary of Agriculture, the Director of the Bureau of Land Management, the Chief of the Forest Service, and other subordinate federal officials (collectively, "federal defendants" or "the Government") to compel the Government to validate their already-approved drilling permit. In 2016, after much litigation, I ordered the Government to render a final decision on Solenex's application. Amazingly, the Government responded by *cancelling* the underlying lease—

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Secretary of the Interior Deb Haaland is substituted as the lead defendant.

the validity of which was not in dispute before this litigation arose—and disapproving the permit to drill. And now, six years and a trip to our Circuit Court later, I am finally in a position to address the merits of that decision. Now before this Court are cross-motions for summary judgment by Solenex, the Government, and six non-profit organizations that have intervened as of right in this matter (collectively, "intervenors").[2]  Because the Government lacked legal authority to rescind the lease and its withdrawal of the approved permit to drill was arbitrary and capricious, I will **GRANT** Solenex's motion for summary judgment [Dkt. # 156], **DENY** the Government and intervenors' motions for summary judgment [Dkts. # 164, 162], **VACATE** the Secretary's March 17, 2016 decision rescinding the lease and disapproving the Application for Permit to Drill, and **REMAND** this case to the Secretary of the Interior to reinstate the lease and previously approved Application for Permit to Drill.

## BACKGROUND

### I.    Regulatory Landscape

### A.    Mineral Leasing Act

The Mineral Leasing Act of 1920 ( "MLA") authorizes the Secretary of the Interior (the "Secretary") to issue leases for "[a]ll lands subject to disposition under this Act which are known or believed to contain oil or gas deposits." 30 U.S.C. § 226(a). The Secretary exercises authority over those leases, and the underlying land, pursuant to the MLA, its

---

[2] Intervenors are the Pikuni Traditionalist Association, the Blackfeet Headwaters Alliance, the Glacier-Two Medicine Alliance, the Montana Wilderness Association, the National Parks Conservation Association, and the Wilderness Society.

2

implementing regulations, and the Secretary's inherent authority as the legal steward of public lands. *Silver State Land, LLC v. Schneider*, 843 F.3d 982, 986 (D.C. Cir. 2016). But that authority is not unbounded: once a lease has been issued, the MLA authorizes the Secretary to bring a civil action to cancel the lease in only three circumstances: (1) if the lease is in violation of the MLA, unless the current leaseholder is a bona fide purchaser, 30 U.S.C. §§ 184(h)(1), (h)(2); (2) if the lessee has violated the statute, regulations, or terms of the lease, *id.* at § 188(a); or (3) on 30 days' notice, upon violations of the lease's provisions if the lease is not producing, *id.* at § 188(b). The Secretary has also issued regulations authorizing the administrative cancellation of (1) any lease for the lessee's failure "to comply with any of the provisions of the law, the regulations issued thereunder, or the lease," upon 30 days' notice, 43 C.F.R. § 3108.3(a), or (2) any lease that was "improperly issued," *id.* at § 3108.3(d). Finally, the Supreme Court has recognized that the Secretary holds "authority to cancel [a] lease administratively for invalidity at its inception." *Boesche v. Udall*, 373 U.S. 472, 476 (1963).

## B.     National Environmental Policy Act

The National Environmental Policy Act ("NEPA") requires agencies to take a "hard look" at the environmental consequences of certain agency actions before taking an action that could significantly affect the environment. *Robertson v. Methow Valley Citizens Council*, 490 U.S. 332, 350 (1989) (quoting *Kleppe v. Sierra Club*, 427 U.S. 390, 410 n.21 (1976)). To ensure that "hard look," NEPA requires agencies to compile a detailed Environmental Impact Statement ("EIS") for those "major federal actions" that "significantly affect[ ] the quality of the human environment." *Mayo v. Reynolds*, 875 F.3d

3

11, 15 (D.C. Cir. 2017) (quoting 42 U.S.C. § 4332(2)(C)). NEPA is essentially a procedural statute and neither prohibits, nor requires, particular courses of action an agency may consider in preparing an EIS. *See Vt. Yankee Nuclear Power Corp. v. NRDC*, 435 U.S. 519, 558 (1978). Nor is an EIS required for *every* federal action. For example, the issuance of a comprehensive EIS is unnecessary if the agency makes a finding of no significant impact on the environment after it "carefully considered the [ ] proposal, was well informed on the problems presented, identified the relevant areas of environmental concern, and weighed the likely [environmental] impacts." *Cabinet Mtns. Wilderness/Scotchman's Peak Grizzly Bears v. Peterson*, 685 F.2d 678, 682–83 (D.C. Cir. 1982); *accord Am. Bird Conservancy v. FCC*, 516 F.3d 1027, 1034 (D.C. Cir. 2008) (citing *Cabinet Mtns.*, 685 F.2d at 682). In the context of federal leases under the MLA, an EIS is only necessary "if the [agency] chooses not to retain the authority to preclude all surface disturbing activities." *Sierra Club v. Peterson*, 717 F.2d 1409, 1412 (D.C. Cir. 1983).

## C.    National Historic Preservation Act

Like NEPA, the National Historic Preservation Act ("NHPA") is essentially a procedural statute. *Nat'l Mining Ass'n v. Fowler*, 324 F.3d 752, 755 (D.C. Cir. 2003). While it does not dictate outcomes, NEPA requires an agency to "stop, look, and listen" before undertaking a course of action. *Ill. Com. Comm'n v. ICC*, 848 F.2d 1246, 1261 (D.C. Cir. 1988). And just as NEPA only applies to a subset of government actions, NHPA has only ever applied to government "undertaking[s]." *See* 16 U.S.C. § 470f (1981); 54 U.S.C. § 306108 (2022). In 1982, NHPA defined "undertaking" as "any action as described in Section 106." 43 U.S.C. § 1601(7) (1981). Section 106, in turn, imposed

4

requirements on the responsible federal officials "prior to the approval of the expenditure of any Federal funds on the undertaking or prior to the issuance of any license." National Historic Preservation Act, Pub. L. No. 89-665, § 106, 80 Stat. 915, 917 (1966). Absent an expenditure of federal funds or the grant of a federal license, § 106 did not, and does not, apply to a project. *Nat'l Mining Ass'n*, 324 F.3d at 759 (quoting *Sheridan Kalorama Hist. Ass'n v. Christopher*, 49 F.3d 750, 755–56 (D.C. Cir. 1995).

In cases in which it applies, NHPA requires the relevant agency to "take into account the effect of [an] undertaking on any historic property." 54 U.S.C. § 306108. To conduct a review under NHPA, the agency first identifies the relevant "Area of Potential Effects" ("APE"), defined as "the geographic area or areas within which an undertaking may directly or indirectly cause alterations in the character or use of historic properties." 36 C.F.R. § 800.16(d). The agency then determines whether the APE contains any "historic properties" that are either listed in, or eligible for, the National Register of Historic Places. *Id.* at § 800.4. If any such properties exist, the agency evaluates whether the proposed undertaking will cause any "adverse effects," as defined in the regulations, on that property or properties. *Id.* at § 800.5. If so, the agency considers whether those effects can be resolved, minimized, or otherwise mitigated. *Id.* at § 800.6.

As originally enacted in 1966, NHPA neither required, nor contemplated, consultation with Native American tribes. *See generally* National Historic Preservation Act, Pub. L. No. 89-665, 80 Stat. 915 (1966). However, Congress amended NHPA in 1980 to express a general policy that the federal government ought to coordinate with Native American tribes to accomplish the purposes of the legislation but did not require such

5

consultation at that time.  An Act to Amend the National Historic Preservation Act of 1966, Pub. L. No. 96-515, 94 Stat 2987 (1980), *codified at* 16 U.S.C. § 470-1 (1980).  In 1992, NHPA was amended again to require consultation with tribes if an undertaking may affect property of "religious and cultural significance" to a federally recognized tribe. Reclamation Projects Authorization and Adjustment Act of 1992, Pub. L. No. 102–575, 106 Stat 4600.

## II.    Procedural History

Certain elements of this case's factual background have been set forth in this Court's previous opinion, *see Solenex LLC v. Jewell* (*Solenex I*), 334 F. Supp. 3d 174 (D.D.C. 2018), and that of our Circuit Court, *see Solenex LLC. v. Barnhardt* (*Solenex II*), 962 F.3d 520 (D.C. Cir. 2020).  Accordingly, I will limit my recitation of the facts to the issues directly relevant at hand.

In February 1981, in anticipation of the issuance of nearly 200 pending leases in the Badger Two Medicine area of the Lewis and Clark National Forest in Montana, the United States Forest Service ("Forest Service"), part of the Department of Agriculture, jointly issued a 165-page Environmental Assessment ("EA").  Env'tl Assessment, App. Vol. IV [Dkt. # 45-10] at 8 *et seq.*  The Bureau of Land Management ("BLM"), a component of the Department of the Interior and the agency responsible for issuing the contemplated leases, cooperated in the production of the report.  *Id.* at 11.  The EA considered six alternatives, "rang[ing] from denial of all lease applications to leasing all applied for lands with appropriate stipulations to protect surface resources and land uses."  *Id.* at 13; *see also id.* at 48–49.  The Forest Service selected the third alternative, under which "occupancy

6

leasing would only be recommended for accessible areas which can be adequately protected during oil and gas activity." *Id.* at 11. In light of that policy choice and a specific finding that any "surface disturbing activities" to be conducted in support of oil and gas drilling would be subject to further analysis and approvals, the Forest Service issued a "finding of no significant impact." *Id.* at 10.

While the primary purpose of the EA was to comply with NEPA, the Government also initiated a review of relevant historic properties that could be impacted by the proposed leases. Specifically, the EA included a review of "Cultural (Archeological, Historic, and Religious) Resources." *Id.* at 44. The EA further noted that the Forest Service began to engage with the Blackfeet Tribe in the fall of 1979, as required under the American Indian Religious Freedom Act, but noted that "the Blackfeet people prefer to identify" areas of spiritual importance "on a project-by-project basis." *Id.* at 45.

More than a year later, in June 1982, the Government issued the lease now held by Solenex (the "Lease") to Mr. Sidney Longwell. Attached to the lease were a set of "Surface Disturbance Stipulations" that required the leaseholder to obtain "prior approval" for any surface disturbing operation." Lease M-53323, Admin. Record ("A.R."), Vol. VIII, Part 2 (HC 00886) [Dkt. # 114-1] at 7. As our Circuit Court noted, "Longwell was required to obtain permission from both [BLM] and the Forest Service before drilling could occur." *Solenex II*, 962 F.3d at 523. Longwell subsequently assigned his interest in the lease to three Texas companies, America Petrofina Company of Texas, Petrofina Delaware, Inc., and AGIP Petroleum Company (collectively, "Fina"). Fina filed an Application for Permit

7

to Drill ("APD") in November 1983, and, after issuing a second EA, the Government approved that application in January 1985. *Id.*

In response, the Blackfeet Tribe and several conservation groups filed an administrative appeal in 1985 with the Interior Board of Land Appeals ("IBLA") alleging that approval of the APD violated several federal statutes, including NEPA and the NHPA. *Id.* Repeatedly finding no violation existed, the Government would ultimately approve Fina's application three more times, in 1987, 1991, and 1993, but remanded the approval each time for further consideration. *Id.* at 524. Most importantly, the Government "undertook a comprehensive environmental, cultural, and historical study" and issued a 982-page, full-blown Environmental Impact Statement ("EIS") in 1990. *Id.* In 1993, the BLM stayed the latest approval due to proposed legislation to close the Two Medicine Area to oil and gas exploration. *Id.* That legislation never passed, but while it was pending, the Forest Service determined the presence of a property eligible for the National Register of Historic Places within the Two Medicine Area and further stayed the approval for additional review. *Id.* That determination led to yet more review by the Forest Service.

Four developments arising from the ongoing NHPA review during this period merit attention. First, in 2002, the Forest Service designated the more than 165,000 acres of the Badger-Two Medicine Blackfoot Traditional Cultural District ("TCD"), including the entire land area covered by the Lease, as eligible for listing in the National Register of Historic Places. *Id.* Second, in 2003, the Forest Service designated approximately 5,000 acres surrounding Solenex's proposed drilling operation as the relevant APE. Forest Service Memorandum regarding The Area of Potential Effect (APE), Longwell

8

Consultation, App. Vol. II, Part 1 [Dkt. # 45-7] at 41–42 (FS 003785–86); Letter from Forest Supervisor Rolando Ortegon re: 106 Consulting Process (July 18, 2003), App. Vol. V, Part 2 [Dkt. # 48-2] ("Ortegon Letter") at 74–75 (FS 003730–31). In evaluating the APE, the Forest Service, relying on well-established methods, determined the physical perimeter beyond which a person could not see, hear, or smell any trace of the proposed activities. Ortegon Letter, App. Vol. V, Part 2 at 74–75. The proposed APE covered a small fraction of the newly designated TCD. *See id.* at 77–78 (FS 003733–34). Third, the Forest Service also commissioned multiple ethnographic studies, including a 2012 study on which the Government would later rely in reaching its final decision to disapprove Solenex's application. Lease Decision, A.R. Vol. X, Part 8 [Dkt. # 116-7] at 46 (SUPP.AR000388). Finally, after nearly twenty years of frustration, Fina reassigned the Lease to Longwell who, in turn, assigned the Lease to Solenex. *Id.* at 42 n.2 (SUPP.AR000384).

In 2013, more than three decades after the Lease first issued, Solenex brought this suit against the Government to compel resolution of the long-pending application to drill. *See generally* Compl. [Dkt. # 1]. In April 2014, while the suit was pending, the Forest Service dramatically revised the 2003 APE, determining instead that the proper APE for the Solenex venture was the entire 165,000-acre TCD first designated in 2002. Lease Decision, A.R. Vol. X, Part 8 [Dkt. # 116-7] at 46 (SUPP.AR000388). In making this determination, the Forest Service relied on statements by the Blackfeet Tribal Historic Preservation Officer ("THPO") ascribing great significance to the spiritual and religious

9

power of the Two Medicine Area.  Memorandum from Mark Bodily, Forest Archeologist (Apr. 3, 2014), App. Vol. XI [Dkt. # 177] at 237 (FS 006398).

Meanwhile, the proceedings in this Court continued.  As described more fully in both this Court's decision and that of our Circuit Court, I ultimately ordered the Government to reach a final decision on the Lease in 2016.  The Government did so, cancelling the Lease and disapproving the application for permit to drill.  *See Solenex I*, 334 F. Supp. 3d at 180.  Solenex challenged that decision on the grounds that the Secretary failed to consider Solenex's reliance interests.  *Id.* at 182–84.  I granted Solenex's motion for summary judgment and vacated the Government's decision on those grounds, *see id.* at 184, and our Circuit Court reversed and remanded, *see Solenex II*, 962 F.3d at 528–30.

On remand, Solenex amended its complaint to challenge the Lease Decision on the merits.  *See* Second Am. and Suppl. Compl. ("Compl.") [Dkt. # 151].  The parties and intervenors have filed cross-motions for summary judgment.  *See* Pls.' Mot. for Summ. J. ("Pls.' Mot.") [Dkt. # 156]; Def.-Intervenors' Mot. for Summ. J. ("Def.-Int.'s Mot.") [Dkt. # 162]; Federal Defs.' Cross-Mot. for Summ. J. ("Defs.' Mot. for Summ. J.") [Dkt. # 164].  These motions have been fully briefed.  *See* Pls. Mot. for Summ. J. Reply and Opp'n to Fed. Defs.' Cross-Mot. ("Pls.' Opp'n to Fed. Defs.") [Dkt. # 170]; Pls. Reply In Supp. of Mot. for Summ. J. and Opp'n to Def.-Intervenors' Cross-Mot. ("Pls.' Opp'n to Def.-Ints.") [Dkt. # 172]; Federal Defs. Reply in Supp. of Their Cross-Mot. for Summ. J. ("Fed. Defs.' Reply") [Dkt. # 175]; Def.-Intervenors' Reply in Supp. of Cross-Mot. for Summ. J. ("Def.-Ints.' Reply") [Dkt. # 176].  Finally, the Blackfeet Tribe has filed an amicus brief in support of defendants and intervenors.  *See* The Blackfeet Tribe's *Amicus Curiae* Br. Supporting

10

Defs.' Cross-Mot. for Summ. J. and Def.-Intervenors Mot. for Summ. J. and in Opp'n to

Pl.'s Mot. for Summ. J. ("Amicus Br.") [Dkt. # 168].

**LEGAL STANDARD**

This case comes before the Court on the parties' cross-motions for summary

judgment. Under Federal Rule of Civil Procedure 56(a), "The court shall grant summary

judgment if the movant shows that there is no genuine dispute as to any material fact and

the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When

evaluating cross-motions for summary judgment, "the court shall grant summary judgment

only if one of the moving parties is entitled to judgment as a matter of law upon material

facts that are not genuinely disputed. Summary judgment is also appropriate where, as here,

review is on the administrative record." *Select Specialty Hosp.-Bloomington, Inc. v.

Sebelius*, 774 F. Supp. 2d 332, 338 (D.D.C. 2011) (citation omitted).

In reviewing a challenge to agency action brought under the Administrative

Procedure Act, the Court must determine "whether the agency acted within the scope of its

legal authority . . . explained its decision, . . . relied [on facts that] have some basis in the

record, and . . . considered the relevant factors." *Fund for Animals v. Babbitt*, 903 F. Supp.

96, 105 (D.D.C. 1995) (citing *Marsh v. Ore. Nat. Res. Council*, 490 U.S. 360, 378 (1989)).

While a reviewing court may not "substitute its judgment for that of the agency," *Motor

Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins.*, 463 U.S. 29, 43 (1983), the court must

set aside agency action upon a showing that it was "arbitrary, capricious, an abuse of

discretion, or otherwise not in accordance with law," 5 U.S.C. § 706(2)(A). Finally, the

11

Court may only uphold agency action for the reasons provided in taking that action. *Michigan v. EPA*, 576 U.S. 743, 758 (2015).

## DISCUSSION

### I.    The rescission of the Lease must be vacated

The Secretary lacked authority to cancel the Lease because the Secretary only has the power to administratively cancel improperly issued leases, which the Lease here was not. Issuance of the Lease violated neither NEPA nor NHPA. And even if the Lease did suffer from some legal infirmity that would have made the Lease voidable in 1982, the Government subsequently affirmed the Lease and, as such, waived any right to cancel it before 2016. Therefore, the decision to rescind the Lease must be set aside.

### A.    The Secretary lacks authority to cancel a lease valid when issued

The existence of a legal defect is a necessary precondition to the Secretary exercising her authority to administratively cancel the lease. The Government here, however, has identified no authority for the proposition that the Secretary may unilaterally cancel a lease that was *properly* issued. Instead, the Government has shown, at most, that the Secretary may have authority to administratively cancel a lease that was invalid when it was issued.

Indeed, the Government concedes that the Secretary did not rely on the statutory provisions of the MLA to cancel the Lease. *See* Defs.' Mot. for Summ. J. at 14. But the MLA's scheme allowing for the Secretary to cancel certain leases is nonetheless instructive. The MLA identifies three circumstances in which the Secretary may

12

administratively cancel a lease: (1) upon violation of the MLA, unless the current leaseholder is a bona fide purchaser, 30 U.S.C. §§ 184(h)(1), (h)(2); (2) upon violation of the statute, regulations, or terms of the lease, *id.* at § 188(a); or (3) on 30 days' notice, upon violations of the lease's provisions if the lease is not producing, *id.* at § 188(b).  Each requires the Secretary to show a violation of the statute, regulations, or terms of the lease. Nowhere does the statute contemplate granting the Secretary unfettered discretion to cancel a validly issued lease without showing a subsequent statutory, regulatory, or contractual violation.

Nor does the Secretary's inherent authority extend to the power to cancel a valid lease.  That authority is limited, at most, to cases in which the lease suffered from some legal defect when first issued.  *Boesche v. Udall*, which the Secretary cites as supporting this expansive authority, stands only for the proposition that a lease that was "invalid[ ] at its inception" could be voided.  373 U.S. at 476.  Indeed, our Circuit Court has consistently read *Boesche* to extend no further.  *E.g.*, *Silver State Land, LLC*, 843 F.3d at 990; *see also Ivy Sports Med. v. Burwell*, 767 F.3d 81, 93 (D.C. Cir. 2014) (Pillard, J., dissenting) (same); *Texaco, Inc. v. Hickel*, 437 F.2d 636, 641 (D.C. Cir. 1970) (same); *Udall v. Littell*, 366 F.2d 668, 672 n.10 (D.C. Cir. 1966) (same).

For the same reasons that *Boesche* does not authorize the Secretary to cancel a valid lease, neither do the regulations cited by the Government and intervenors.  The Secretary argues that she had authority to cancel the lease because the MLA's implementing regulations at 43 C.F.R. § 3108.3(d) allow the Secretary to cancel any lease that was

13

"improperly issued."[3] *See* Defs.' Mot. for Summ. J. at 24 (citing *Griffin & Griffin Expl., LLC v. United States*, 116 Fed. Cl. 163, 167 (Fed. Cl. 2014)). But the regulation merely codified "existing practice in considering specific situations," which by its own terms extends no further than whatever authority the Supreme Court recognized in *Boesche*. *See* Minerals Management and Oil and Gas Leasing; Amendments to the Regulations Covering Oil and Gas Leasing on Federal Lands, 48 Fed. Reg. 33648, 33655 (July 22, 1983). As such, the regulations provide no basis to rescind a properly issued lease.

### B.    The Lease was valid when issued

The parties disagree whether a violation of NEPA or NHPA prior to issuance of a lease would render the lease "invalid" such that it could be administratively canceled under either the Secretary's inherent authority or 43 C.F.R. § 3108.3(d). While no circuit court appears to have addressed this precise question, the 10th Circuit has characterized the Secretary's power as the "authority to cancel oil and gas leases *for violations of the Mineral Leasing Act and regulations thereunder* . . . ." *Winkler v. Andrus*, 614 F.2d 707, 711 (10th Cir. 1980) (emphasis added). In the nearly forty years since the regulation was

---

[3] Solenex contests the applicability of this regulation because it was not promulgated until after the lease was issued. But the lease was issued "subject to all rules and regulations of the Secretary of the Interior now or hereinafter in force, when not inconsistent with any express and specific provisions herein." Lease M-53323, A.R., Vol. VIII, Part 2 [Dkt. # 114-1] at 5 (HC 00884). This language on the face of the lease is probably sufficient to find that the later-enacted regulation applies to the lease. *Cf. Mobil Oil Expl. & Producing Se., Inc., v. United States*, 530 U.S. 604, 616 (2000) (holding lease was not subject to later-issued regulation because only future regulations issued under named statutes were incorporated in the text of the lease). But the Court need not resolve this question, because the Government can't rescind the lease even if the Lease is subject to the later-enacted regulation.

14

promulgated in 1983, no court has found that a violation of a different statute, like NEPA or NHPA, has formed the basis for cancellation under the authorities the Secretary cited in cancelling the Lease. Nonetheless, because neither NEPA nor NHPA were violated, the Court need not resolve this question. I will therefore assume, without deciding, that a violation of either statute would provide grounds for cancellation.

NEPA and NHPA impose procedural requirements with which government agencies must comply before acting, but neither requires that the agency elevate the preservation of environmental or historical resources above other priorities. Instead, both statutes only require the agency to take a "hard look" at the impact of a particular course of government action to ensure "fully informed and well-considered decision[s]." *New York v. Nuclear Regul. Comm'n*, 681 F.3d 471, 477 (D.C. Cir. 2012) (citation omitted); *Ill. Com. Comm'n*, 848 F.2d at 1260–61 ("Like section 102 of NEPA, section 106 of the Historic Preservation Act is a 'stop, look, and listen' provision . . . ."). The Government has met that standard here. How so?

### 1.    The Government complied with NEPA

The Government complied with NEPA prior to issuing the Solenex lease. NEPA does not require the agency to conduct a full EIS before issuing a lease in every instance. Instead, under our Circuit Court's precedent, if an agency issues a finding of "no significant impact" after it "carefully considered the [ ] proposal, was well informed on the problems presented, identified the relevant areas of environmental concern, and weighed the likely impacts," a full-blown EIS is *unnecessary*. *Cabinet Mtns.*, 685 F.2d at 683; *accord Am. Bird Conservancy*, 516 F.3d at 1034 (citing *Cabinet Mtns.*, 685 F.2d at 683); *Wyo. Outdoor*

*Council v. U.S. Forest Serv.*, 165 F.3d 43, 49 (D.C. Cir. 1999). The Government met that standard here. It reviewed six alternative courses of action, carefully considered the environmental issues, determined that a full-blown EIS was unnecessary, and produced a 161-page Environmental Assessment ("EA") in 1981, *before* the lease was issued. Env'tl Assessment, App. Vol. IV [Dkt. # 45-10] at 8 *et seq.* That was sufficient to satisfy NEPA. And, for more than thirty years, the Government consistently maintained that it had complied with NEPA in issuing the Lease. In fact, the Government first raised any concerns that NEPA was violated in 2015, more than two years *after* this suit was filed, when the Government represented to this Court that the BLM "has tentatively concluded the Lease was issued without properly complying with NEPA . . . ." Resp. to Ct. Order [Dkt. # 58] at 3.

The Government and intervenors now challenge the sufficiency of the EA on the theory that the Government failed to adequately consider a no action alternative. *See* Defs.' Mot. for Summ. J. at 33; Def.-Int.'s Mot. at 30. Please! As an initial matter, and as this Court previously found, the Government *did* consider a no-action alternative in the EA before issuing the Lease. *Solenex I*, 334 F. Supp. 3d at 179; *see also* Env'tl Assessment, App. Vol. IV [Dkt. # 45-10] at 13 (noting that the EA considered alternatives "rang[ing] from denial of all lease applications to leasing all applied for lands with appropriate stipulations"); *id.* at 48 ("No Action on Lease Applications at this Time"). Ultimately, however, the Government rejected that alternative on the grounds that it was "in conflict with National and Regional Forest Service policy." *Id.* at 48. That analysis was sufficient. An EA requires only a "brief discussion[ ]" of reasonable alternatives to the proposed

action that "need not be as rigorous as the consideration of alternatives in an EIS." *Myersville Citizens for a Rural Cmty. v. FERC*, 783 F.3d 1301, 1323 (D.C. Cir. 2015) (citing 40 C.F.R. § 1508.9(b)). In evaluating the alternatives before it in 1982, the Government assessed the no-action alternative and reasonably eliminated it in light of countervailing policy considerations. Env'tl Assessment, App. Vol. IV [Dkt. # 45-10] at 48. The Government and intervenors' arguments seeking to apply the standards that govern an EIS to an EA are unavailing.

The Government and intervenors also argue the Government could not rely on an EA because the Secretary must prepare an EIS before issuing a mineral lease "if the [agency] chooses not to retain the authority to preclude all surface disturbing activities." *Sierra Club*, 717 F.2d at 1415; *see* Defs.' Mot. for Summ. J. at 32. But this misreads the record! As our Circuit Court already found, the leaseholder "was required to obtain permission from both the Bureau and the Forest Service before drilling could occur." *Solenex II*, 962 F.3d at 523. The "Surface Disturbance Stipulations" attached to the Lease require "prior approval" in the form of an approved APD before any "surface disturbing operation." Lease M-53323, A.R., Vol. VIII, Part 2 [Dkt. # 114-1] at 7 (HC 00886). Moreover, the "Activity Coordination Stipulation" attached to the Lease required prior approval before commencing "surface disturbance activities" across the entirety of the Lease. *Id.* at 12 (HC 00891). As required under the *Sierra Club* standard, the Government retained "both the authority to preclude all activities pending submission of site-specific proposals and the authority to prevent proposed activities if the environmental

17

consequences are unacceptable." 717 F.2d at 1415. The Government did just that, so no EIS was necessary before issuance of the Lease. *Id.* at 1412.

The Government offers three arguments why the language of the Lease barring surface-disturbing activities doesn't mean what it says. *See* Fed. Defs.' Reply at 12–15. In short, the Government argues that the no-surface occupancy provisions of the Lease only cover a small proportion of the total Lease, other terms of the Lease not present in the lease at issue in the *Sierra Club* case are insufficient to distinguish the Lease from the general rule drawn from that case, and a provision in the Lease in which the Government retained authority to disallow surface occupancy to ensure compliance with the Endangered Species Act failed to meet the *Sierra Club* standard because it was not specific to NEPA. *Id.* But, as Solenex notes in response, that interpretation is inconsistent with the record in this case. Crucially, in *Sierra Club*, both the Secretary and Sierra Club agreed that the Government could not preclude surface occupancy. *Sierra Club*, 717 F.2d at 1414 n.7. In this case, on the other hand, the Government both held and exercised the authority to preclude Solenex and its predecessors in interest from occupying the Lease to allow the Government to determine whether "the environmental consequences" of proposed mineral exploration activities "were unacceptable." *Id.* at 1415; *see also* Statement of Material Facts in Supp. of Defs.' Cross-Mot. for Summ. J. [Dkt. # 93-2] ¶ 13 (noting that the IBLA set aside BLM's 1985 approval of Fina's APD on the Lease to resolve various issues "before authorizing any activity"); *id.* ¶ 16 (noting that the Lease was again suspended in 1987 "to allow additional environmental analysis").

18

## 2.     The Government complied with NHPA

Nor did the Department violate NHPA in issuing the lease.  First, NHPA did not apply to the issuance of the lease.  Second, even if it had, NHPA did not require consultation with the Blackfeet Tribe in 1982.  And finally, even if NHPA required consultation with the Blackfeet Tribe in 1982, the Government did so.

NHPA's implementing regulations require federal agencies to complete the Section 106 process "prior to the approval of the expenditure of any Federal funds on the undertaking or prior to the issuance of any license."  36 C.F.R. § 800.1(c).  But the regulations do not restrict "nondestructive project planning activities" before this review has been completed.  *Id.*; *see also City of Grapevine v. Dep't of Transp.*, 17 F.3d 1502, 1509 (D.C. Cir. 1994) (holding that agency action that did not authorize expenditure of funds did not require NHPA approval).  Instead, NHPA precludes government agencies from taking any actions that could disturb the physical environment (or permit private parties to disturb the physical environment) without the statutorily required review.  Other circuits have reached the same conclusion.  *See Nat'l Indian Youth Council v. Watt*, 664 F.2d 220, 228 (10th Cir. 1981) (holding that NHPA's requirements do not attach to the issuance of a mineral lease that requires subsequent approval for surface disturbing activities).

These limitations follow logically from the text of the statute.  At all relevant times, Section 106 of NHPA only imposed procedural requirements on federal "undertaking[s]."  54 U.S.C. § 306108 (2022); 16 U.S.C. § 470f (1981).  Prior to 1992, including when the Lease was issued in 1982, an agency action was only an "undertaking" within the meaning

19

of NHPA if a federal agency expended funds or licensed some action by another party. *Sheridan Kalorama Ass'n*, 49 F.3d at 754; *see also Lee v. Thornburgh*, 877 F.2d 1053, 1056 (D.C. Cir. 1989). But *no* federal funds were expended in the issuance of the lease. Nor is a lease a license: A lease is a "contract by which a rightful possessor of real property conveys the right to use and occupy the property in exchange for consideration," *Lease*, *Black's Law Dictionary* (11th ed. 2019), while a license is a "permission, usually revocable, to commit some act that would otherwise be unlawful," or a "permit," *License*, *Black's Law Dictionary* (11th ed. 2019). It follows that a lease is not an "undertaking" within the meaning of the statute; the Government neither expends funds nor licenses any otherwise unlawful activity by issuance of a lease. Therefore, Section 106 does not apply to the issuance of a lease.

Further, even if issuance of the Lease was an undertaking, the Government was not obligated to consult with the Blackfeet Tribe at that time. True, as the Government and intervenors note, the 1980 amendments to NHPA contemplated a role for Native American tribes. *See* Defs.' Mot. for Summ. J. at 37; Def.-Int.'s Mot. at 35. But the provision of the statute envisioning a role for Native American tribes only states a broad policy; it did not obligate the Government to take specific steps to consult with tribes to comply with NHPA. *See* Pub. L. No. 96-515, § 101, 94 Stat 2987, 2988 (1980) ("It shall be the policy of the Federal Government, in cooperation with other nations and in partnership with the States, local governments, Indian tribes, and private organizations and individuals to" take certain actions in support of preserving historic properties); *see also Cont'l Air Lines, Inc. v. Dep't of Transp.*, 843 F.2d 1444, 1451 (D.C. Cir. 1988) ("Application of 'broad purposes' of

20

legislation at the expense of specific provisions ignores the complexity of the problems Congress is called upon to address and the dynamics of legislative action.") (citation omitted). Further, adopting the Government and intervenors' preferred reading of the 1980 NHPA amendments would render the 1992 amendment requiring consultation as surplusage. *See Babbitt v. Sweet Home Chapter of Cmtys. for a Greater Ore.*, 515 U.S. 687, 698 (1995) (noting that courts should show "reluctance to treat statutory terms as surplusage" in reviewing statutes).

Even if NHPA's requirements were triggered upon issuance of the lease, the record shows that the Government complied. The regulations in effect at the time directed the agency to undertake efforts to "determine what historic and cultural properties are known to be within the area of the undertaking's potential environmental impact." 36 C.F.R. § 800.4(a)(1) (1979). The Government did so. The 1981 EA inventoried historically important properties before the lease was issued. Env'tl Assessment, App. Vol. IV [Dkt. #45-10] at 44–45. And, the Government's claims that the Forest Service "failed to consult with the Blackfeet Tribe" notwithstanding, Defs.' Mot. for Summ. J. at 36, the EA specifically noted it consulted with the Blackfeet Tribe in an effort to identify sites of particular significance, Env'tl Assessment, App. Vol. IV [Dkt. #45-10] at 45. But the Blackfeet "preferred to identify these areas on a project-by-project basis."[4] *Id.* The fact that the Blackfeet decided not to cooperate more fully with the assessment informing the

---

[4] The Blackfeet evidently shared the commonsense understanding of NHPA's requirements described here; that NHPA compliance was tied to specific "projects" likely to physically disturb the land.

21

1981 EA does not mean that the Government failed to take a "hard look."  To hold otherwise would incentivize private parties to withhold information from the Government during NHPA consultations in order to bolster future litigation prospects.

Of course, Solenex's venture was still ultimately subject to NHPA.  As Solenex concedes, Pl.'s Mot. at 53, the statute requires the Government to conduct its assessment prior to issuing a license to conduct surface-disturbing activities like Solenex's proposed oil and gas drilling operations, which the parties agree is an "undertaking" within the meaning of NHPA. *See Wilson v. Block*, 708 F.2d 735, 754 (D.C. Cir. 1983) (holding that NHPA requires federal agencies only to survey properties that "may be affected by the project").  And the Government was obligated to consult with Native American tribes for those proceedings that occurred after the passage of the 1992 NHPA amendments.  But, again, the operative government action that triggers the Government's obligations under NHPA is the approval of those surface disturbing activities by approval of the APD.[5]  The out-of-circuit cases cited by the Government and intervenors for the proposition that leases are undertakings as defined by NHPA cannot overcome the plain text of the statute!

### C.    Even if the Lease were voidable, the Government ratified it

The lease was valid when issued.  But even if the lease were voidable at issuance, the Government subsequently ratified the lease and thereby waived any right to rescind it.

---

[5] In 1992, Congress expanded the definition to include projects "permitted" by a federal agency. *Sheridan Kalorama Hist. Ass'n*, 49 F.3d at 755. Even if that definition were to apply retroactively, which it likely does not, *see id.* at 754–55, issuance of a lease *still* would not qualify as an undertaking. The relevant federal undertaking is still approval of the Application for *Permit* to Drill.

Mineral leases issued by the United States are governed by the basic principles of contract law. *Mobil Oil Expl. & Producing Se., Inc. v. United States*, 530 U.S. 604, 607–08 (2000) ("When the United States enters into contract relations, its rights and duties therein are governed generally by the law applicable to contracts between private individuals.") (citation omitted). And a contract may be voidable as the result of mistake if one party entered into the contract due to a mistaken factual belief. *See* Restatement (Second) of Contracts §§ 152–53 (Am. L. Inst. 1981). But a party that ratifies a voidable contract after learning of the underlying mistake waives that right. *Id.* at § 7 ("A voidable contract is one where one or more parties have the power, by a manifestation of election to do so, to avoid the legal relations created by the contract, *or by ratification of the contract to extinguish the power of avoidance*.") (emphasis added). These principles also bind the Government; if the Government ratifies a previously voidable contract, it has waived any right it may have had to later void the contract. *See Godley v. United States,* 5 F.3d 1473, 1476 (Fed. Cir. 1993) (a counterparty can enforce a voidable contract against the United States if the United States subsequently ratified the contract).

The near-contemporaneous Federal Register notice announcing the regulation on which the Government now relies reflects the same interpretation. The rule, as initially proposed, would have rendered an improperly issued lease "cancelled," but the Government revised the rule to make such a lease only "subject to cancellation." 48 Fed. Reg. 33648, 33655 (July 22, 1983) (to be codified at 43 C.F.R. pts. 3000, 3100). Referencing its inherent authority as reflected in *Boesche*, the Government noted that the

23

"modification reflects the Department of the Interior's existing practice in considering specific situations."[6] *Id.*

As noted above, the Secretary has identified only two potential legal bases on which the lease might be invalid: NEPA and NHPA. And under the Government and intervenors' interpretation of the regulations, a lease that failed to comply with NEPA or NHPA that was nonetheless issued is "subject to cancellation." 43 C.F.R. § 3108.3(d). In fact, the Government framed its decision to terminate the Lease in contractual terms, characterizing the Lease as "voidable" in its 2016 Lease Decision. Lease Decision, A.R., Vol. X, Part 8 [Dkt. # 116-7] at 49 (SUPP.AR000391). According to the Government, the lease failed to comply with NEPA and NHPA at the time it was issued in 1982. *Id.* at 49–53. But in 1982, both the Government and the lessee, Mr. Longwell, believed that the Government had complied with all NEPA and NHPA obligations. If that belief were inaccurate, it was a mistake. In other words, the Lease was, at most, voidable.

However, even if the Lease were voidable in 1982, the Government waived any right to cancellation because the Government ratified the lease after learning of the alleged imperfection. The Government was aware of claimed violations of NEPA and NHPA no later than 1985, when the lease was challenged on those grounds. Defs.' Mot. for Summ. J. at 7. But the Government formally reaffirmed the validity of the lease in 1987, 1991,

---

[6] On its face, the reference to the Government's "existing practice" contemplates the procedures upheld in *Boesche*. The Government agrees, having cited the same Federal Register entry for the proposition that § 3108.3(d) "merely codified [the Government]'s exercise of the Secretary's inherent power to cancel a lease that issued without observance of law." Defs.' Mot. for Summ. J. at 22. Therefore, the voidability analysis under *Boesche* yields the same result.

1992, 1993, and 2002. *See* Defs.' Mot. for Summ. J. at 7–8; Letter from Donato J. Judice to Sidney Longwell (Apr. 19, 2002), App. Vol. I, Part 7 [Dkt. # 45-6] at 55 (FS 002811). As to NEPA, in 1990, the Department issued a 982-page, full-blown EIS that considered and definitively resolved any infirmities under that statute. *See* Final Environmental Impact Statement for Exploratory Oil and Gas Wells (Oct. 1990), App. Vol. I, Part 1 [Dkt. # 45-3] at 1 *et seq.* (FS 001165); *see also* Pls.' Mot. at 51.

Nor is there any question whether the Government has failed to comply with NHPA. As an initial matter, even if the EIS did not conclusively satisfy the Government's NHPA obligations, the Government also went on to complete multiple cultural inventories, consultations with impacted Native American tribes, and in-depth studies conducted by ethnographers in considering the pending APD. Lease Decision, Administrative Record ("A.R.") Vol. X, Part 8 [Dkt. # 116-7] at 46–47 (SUPP.AR000388–89). During the intervening years—more than three decades—Solenex (and its predecessors in interest) were barred from taking any action that could cause any "adverse effects" within the meaning of NHPA. Finally, the Government represented to this Court in 2015 that, while it believed that "the Lease was issued prematurely" in violation of NEPA and NHPA, "the NHPA procedural defect *has now been corrected* by completing the consultation process." Response to Court Order [Dkt. # 58] at 5 (emphasis added).

According to the Government, Solenex is precluded from even raising these arguments in this suit because the cancellation of the Lease was an exercise of inherent authority rather than contractual authority, and any claims sounding in contract should be brought in the Court of Federal Claims. Defs.' Mot. for Summ. J. at 45–46. As to the first

argument, it was the Government, not Solenex, that initially characterized the cancellation in contractual terms by characterizing the Lease as "voidable" in the Lease Decision. Lease Decision, A.R., Vol. X, Part 8 [Dkt. # 116-7] at 49 (SUPP.AR000391). The Government implicitly concedes as much in its argument, writing "the Lease remained voidable" because "the errors had not been corrected." Defs.' Mot. for Summ. J. at 39. Having framed the Secretary's decision in contractual language, the Government cannot preclude Solenex from arguing on those terms. And with respect to this Court's jurisdiction, the argument that the Tucker Act bars Solenex from raising these arguments in this proceeding is groundless. Solenex seeks less than $10,000 in damages, so jurisdiction over its claim to vacate the Secretary's decision rightly lies in district court. 28 U.S.C. §§ 1331, 1346(a)(2); *see also* Compl. [Dkt. # 151] at 62–63.

If it ever held any right to void the Lease, the Government waived that right by correcting any outstanding deficiencies and therefore ratifying the lease. As such, the lease was not voidable in 2016 when the Lease Decision was issued.

### D.    The Secretary acted without authority in cancelling the lease

The Court must "hold unlawful and set aside" any agency action "not in accordance with law." 5 U.S.C. § 706(2), (2)(A). And the Court may uphold agency action only for the reasons the agency provided in taking that action. *Michigan*, 576 U.S. at 758. The only basis for rescission of the lease was the Government's legal conclusion that issuance of the lease violated NEPA and NHPA.[7]   For the reasons previously discussed, that

---

[7] Intervenors, although not the Government, also argue that a 2006 law withdrawing the Badger-Two Medicine area from mineral leasing precludes the Secretary from

26

decision was predicated on an incorrect interpretation of the law. Therefore, it must be set aside.

## II.    The Secretary's revocation of the APD must be set aside

The rescission of the APD in the Lease Decision also must be set aside as arbitrary and capricious. The Secretary identified three grounds for rescission: the invalidity of the underlying lease, a finding that impacts to Tribal cultural resources "cannot be fully mitigated," and a finding that "validation of the lease would be inconsistent with" the 2006 legislation. Lease Decision, A.R. Vol. X, Part 8 [Dkt. # 116-7] at 54 (SUPP.AR000396). The first and third premises cannot support the Secretary's decision because they are wrong as a matter of law for the reasons explained above. 5 U.S.C. §§ 706(2), (2)(A). As to the second, the Secretary's determination that the adverse effects to Tribal cultural resources could not be mitigated was predicated on the Government's designation of a 165,000-acre "Area of Potential Effects" and the decision to recognize "adverse effects" not contemplated in NHPA's implementing regulations. Those decisions were arbitrary and capricious because the Government: (1) considered improper factors, (2) failed to consider an important aspect of the problem, and (3) offered an explanation that ran counter to the record. *Motor Vehicle Mfrs. Ass'n of U.S., Inc., v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983). Having done so, the Government's withdrawal of the approval of the

---

validating the Lease. Def.-Ints.' Mot. at 22–23. It does not. As Solenex notes, the withdrawal of those lands from future leases was made "[s]ubject to valid existing rights." Tax Relief & Health Care Act of 2006, Pub. L. 109-432, § 403, 120 Stat. 2922, 109th Cong. 2nd Sess. (2006). The lease was valid for the reasons already noted, so Solenex held "valid existing rights."

27

APD was invalid and must be vacated. *Michigan*, 576 U.S. at 758 (citing *SEC v. Chenery Corp.*, 318 U.S. 80, 87 (1943)).

### A.    The designation of a 165,000-acre Area of Potential Effects was arbitrary and capricious

The Government's decision to designate the entire 165,000-acre TCD as the APE for its NHPA analysis was arbitrary and capricious because it failed to consider an important aspect of the problem and is not supported by the record.

The Secretary's failure to evaluate adverse effects caused by the relevant "undertaking" in establishing the APE render her decision as arbitrary and capricious. The Government argued that the entire TCD was properly designated as the APE because the Forest Archeologist appropriately considered the Blackfeet Tribal Historic Preservation Officer's explanation that the entire TCD "possesses spiritual and religious power for the Blackfeet." Defs.' Mot. for Summ. J at 51. But this justification is not "influenced" by the "nature of the undertaking"; it relies entirely on the existence of the TCD without regard for the nature of the proposed activity. Other tribunals have rejected such an expansive approach, finding that reliance on the mere existence of a TCD to reject a permit for energy development is insufficient: "NHPA does not require absolute protection for a [TCD]." *Earth Power Resources, Inc.*, 181 IBLA 94, 111 (2011).

The Government knows how to define an appropriate APE for a proposed oil drilling site that considers the "nature of the undertaking." Indeed, it had already done so in this case, establishing an approximately 5,000-acre APE in mid-2003 that accounted for visual, audible, and emissions-based effects of Solenex's proposed venture on the

28

surrounding area. Some version of this APE remained in effect as late as January 2014, only two months before the designation of the entire TCD as the APE. *See* Map of Badger-Two Medicine Traditional Cultural District, Solenex LLC APD and Area of Potential Effects (Jan. 29, 2014), App. Vol. II, Part 1 [Dkt. # 45-7] at 90 (FS 004742). The original APE identified the precise locations of the roads, well pads, and other equipment that would be constructed and operated in the course of Solenex's venture. Forest Service Memorandum regarding The Area of Potential Effect (APE), Longwell Consultation, App. Vol. II, Part 1 [Dkt. # 45-7] at 41–42 (FS 003785–86). The Government then calculated the maximum distance at which an observer could see, hear, or smell those operations. *Id.*; Letter re: 106 Consulting Process, App. Vol. V, Part 2 [Dkt. # 48-2] at 74–75 (FS 003730–31). That outer perimeter, plus a buffer zone, constituted the original, smaller APE. Letter re: 106 Consulting Process, App. Vol. V, Part 2 at 74–75 (FS 003730–31) The Forest Service's analysis revealed that only a small fraction of the larger TCD would plausibly be affected by Solenex's proposed drilling activities. *See id.* at 77–78 (FS 003733–34); Map of Badger-Two Medicine Traditional Cultural District Solenex LLC APD and Area of Potential Effect, App. Vol. II, Part 1 [Dkt. # 45-7] at 90–91 (FS 004742–43). Those adverse effects—physical effects that can be seen, heard, or smelled—are precisely the kinds of potential harms contemplated in the NHPA's implementing regulations, and the Government properly considered them in establishing the APE. *See* 36 C.F.R. § 800.5(a) (defining and providing examples of "adverse effects"); *id.* at § 800.16(d) (defining "Area of potential effects" as "the geographic area or areas within which an undertaking may directly or indirectly cause" different kind of effects).

29

Conceding that direct physical effects alone cannot explain the expanded APE, the Government and intervenors argue that the Government properly considered "indirect and cumulative effects" of the Solenex venture. Defs.' Mot. for Summ. J. at 51; *see also* Def.-Int.'s Mot. at 40. But in announcing the expanded APE in early 2014, the Forest Service did not even attempt to establish a linkage between that larger APE and the Solenex undertaking, the physical ramifications of which had been well-established for more than a decade by that point. *See* Determination of Adverse Effects, App. Vol. XI [Dkt. # 177] at 286–87 (FS 006535–36). Nor could it have. Instead, the Forest Service adopted wholesale the Blackfeet Tribe's position that allowing the Solenex venture had "the potential to adversely affect the power and spirituality of the entire district" without explaining what those effects were or how they flowed from Solenex' proposal. Memorandum from Mark Bodily, Forest Archeologist (Apr. 3, 2014) [Dkt. # 177] at 237 (FS 006398). The State Historic Preservation Officer ("SHPO") expressly conceded that the smaller APE addressed physical effects, writing that "[t]he [Forest Service] has noted and *correctly proposed different APE areas for direct ground disturbance, visuals and auditory effects*." Letter from Stan Wilmoth, SHPO, to Mark Bodily, U.S. Forest Serv. (Feb. 26, 2014), App. Vol. XI [Dkt. # 177] at 232 (FS 006387). (emphasis added). But the SHPO went on to assert that the Solenex venture could compromise the "values and characteristics of the larger entity: the Traditional Cultural District as a whole." *Id.* Again, that argument does not relate to the nature of the proposed undertaking. Nor, as explained in greater detail below, did the NHPA consultations identify *any* adverse effects recognized in the regulations.

30

Seeking to justify the changed APE, the Government claims that it is supported by new information available to the Forest Service in the form of a 2012 ethnographic study of the area. *See* Defs.' Mot. for Summ. J. at 52; Def.-Int.'s Mot. at 40. The record reflects that the Government did, in fact, rely on that study in reaching its conclusion. *See* Lease Decision, A.R., Vol. X, Part 8 [Dkt. # 116-7] at 46 (SUPP.AR000388). But that study itself limited the "area of potential effects of the Longwell lease" to the "headwaters of the South Fork of Two Medicine River." Badger-Two Medicine Traditional Cultural District, Lewis & Clark National Forest, Montana: Boundary Expansion Study, App. Vol. XI [Dkt. # 177] at 88. By its own terms, that does not refer to the entire 165,000-acre APE. According to the same study, the TCD includes, in addition to the headwaters of the South Fork of Two Medicine River, other geographic features such as Badger Creek, Mowitch Basin, Birch Creek, and passes across the Continental Divide. *Id.* at 50–52. Maps of the TCD prepared by the Forest Service reveal that those geographic features are separated from the Lease by miles of rugged terrain. *See* Map of Badger-Two Medicine Traditional Cultural District, Solenex LLC APD and Area of Potential Effect (Jan. 29, 2014), App. Vol. II, Part 1 [Dkt. # 45-7] at 90 (FS 004742). When considered alongside the Forest Service's 2003 adverse effects analysis, the record simply does not support the Government's sweeping finding that "impacts to Tribal cultural resources"—across the entire TCD—"cannot be mitigated."

## B.    The adverse effects determination was arbitrary and capricious

The Government found that approving Solenex's APD had "the potential to adversely affect the power and spirituality of the entire district." Memorandum from Mark

31

Bodily, Forest Archeologist (Apr. 3, 2014) [Dkt. # 177] at 237 (FS 006398).  Because the Government improperly considered prospective harms that are not "adverse effects" within the meaning of the NHPA and its implementing regulations, that determination was also arbitrary and capricious.

NHPA does not define "adverse effects."  Nonetheless, the Government has since issued regulations to define that term.  *See* 36 C.F.R. § 800.5(a), (a)(2)(i)–(vii).  And the Government is bound by its own regulations.  *Mead Data Cent., Inc. v. U.S. Dep't of Air Force*, 566 F.2d 242, 258 (1977).  The relevant regulations identify seven categories of "adverse effects" that the Government must consider in evaluating the impacts to "historic properties within the area of potential effects."  36 C.F.R. § 800.5(a), (a)(2)(i)–(vii).  Six of the seven examples of adverse effects relate to quantifiable and objective changes to the physical environment.  *Id.* § 800.5(a)(2)(i) ("Physical destruction"); *id.* § 800.5(a)(2)(ii) ("alteration"); *id.* § 800.5(a)(2)(iii) ("removal"); *id.* § 800.5(a)(2)(iv) ("change of the . . . property's use or of physical features"); *id.* § 800.5(a)(2)(v) ("Introduction of visual, atmospheric or audible elements"); *id.* § 800.5(a)(2)(vi) ("Neglect of a property which causes its deterioration").  The seventh relates to loss of federal control over the property "without adequate and legally enforceable restrictions or conditions to ensure long-term preservation of the property's historic significance."  *Id.* at § 800.5(a)(2)(vii).

The regulations also grant the Government latitude to consider types of adverse effects not expressly identified, 36 C.F.R. § 800.5(a)(2), but, by choosing to provide a lengthy list of prototypical examples of "adverse effects," the Government cabined its discretion as to the kinds of potential harms that qualify.  The fact that every enumerated

32

example describes a physical effect on the historic property suggests that the regulations contemplate only those harms.  And the Government and intervenors have identified no authority for the proposition that the Government may consider factors that are impossible to physically observe or measure.  In fact, the Government has rejected the suggestion that similar disturbances qualify as "adverse effects" in the past, finding that deer hunting near Gettysburg National Military Park would not cause any adverse effects because the disturbance of the "quiet contemplative atmosphere" at the battlefield was not an "adverse factor" under the NHPA.  *Davis v. Latschar*, 83 F. Supp. 2d 1, 14 (D.D.C. 1998), *aff'd*, 202 F.3d 359 (D.C. Cir. 2000).

The Government argues that the Forest Service properly considered "both subjective and objective" factors "in its direct, indirect, and cumulative impacts analyses." Defs.' Mot. for Summ. J. at 57.  According to the Government, this is permissible because the regulations contemplate the "effects of an undertaking on the 'integrity of the property's location, . . . feeling, or association.'"  *Id.* (quoting 36 C.F.R § 800.5(a)(1)).  But, for the reasons explained above, the subjective factors the Government considered—factors like "power" and "spirituality"—are categorically distinct from the types of factors contemplated by the regulations.  These concerns are not new: public comments to the proposed definition of "adverse effects" yielded concerns that "feeling" and "association" were "impermissibly vague and overbroad terms."  65 Fed. Reg. 77698, 77707 (Dec. 12, 2000).  Responding to those and similar comments, the Government maintained that those terms would only be interpreted within the scope of their meaning as defined in National

Register Bulletin 15, writing "adverse criteria are linked specifically to objective National Register criteria published by the National Park Service." *Id.*

Turning to National Register Bulletin 15, it is apparent that the Government has erred in this case by adopting freewheeling, inherently subjective definitions of those terms unmoored from their grounding in physically verifiable effects. The Bulletin recognizes "feeling" and association" as two of the seven elements of integrity, but notes: "Like feeling, association requires the presence of *physical features* that convey a property's historic character." U.S. Dep't of the Interior, National Park Serv., National Register Bulletin 15 (1997), https://www.nps.gov/subjects/nationalregister/upload/NRB-15_web508.pdf at 45 (emphasis added). The Bulletin goes on to state, "Because feeling and association depend on individual perceptions, their retention *alone* is never sufficient to support eligibility of a property for the National Register." *Id.* (emphasis in original). Moreover, each of the four steps the National Park Service prescribes to "Assess[ ] Integrity in Properties" expressly or implicitly references the "essential physical features" of the property. *Id.* Nor do the Government's guidelines make an exception for Native American sites in this regard. The Bulletin also provides specific guidance related to defining Native American sites that may be eligible for inclusion due to their association with "Traditional Cultural Values." *Id.* at 26. The Park Service notes that "It is critical, however, . . . that the associations not be so diffuse that the physical resource cannot be adequately defined." *Id.* at 27. But in this case, that is exactly what the Government did! By adopting a broad definition of "adverse effects" unmoored from both the language of

34

the regulations and its conceptual underpinnings, the Government considered improper factors and was therefore arbitrary and capricious. *See State Farm*, 463 U.S. at 43.

The Government did not find that Solenex's proposed drilling would cause any adverse effects recognized by the regulations. Lease Decision, A.R. Vol. X, Part 8 [Dkt. # 116-7] at 47 (SUPP.AR000389); *see also* Memorandum from Mark Bodily, Forest Archeologist (Apr. 3, 2014) [Dkt. # 177] at 237 (FS0056398). Nor would the record have supported such a finding. Indeed, the Blackfeet never claimed that the Solenex drilling operation would cause those kinds of adverse effects. Letter from John Murray, Blackfeet Tribe THPO, to Mark Bodily, U.S. Forest Serv. (Feb. 28, 2014) [Dkt. # 177] at 234 (FS 006894). And while I do not dispute the sincerity of the belief that "ANY oil and gas exploration venture by Solenex will negatively and cumulatively affect the religious and cultural quality of the expanded district," that assertion does not *identify* an "adverse effect" recognized by the NHPA regulations. *Id.*; *see also* Amicus Br. at 2.

The Government's identification of the entire 165,000-acre TCD as the relevant APE and its recognition as relevant adverse effects a variety of harms not contemplated by the regulations were arbitrary and capricious. Therefore, the disapproval of the APD must be vacated.

## CONCLUSION

For the reasons given above, it is time to put an end to this interminable, and insufferable, bureaucratic chess match. The Court finds that the Secretary lacked authority to rescind the Lease, and that the Secretary further acted in an arbitrary and capricious

manner in disapproving the previously approved Application for Permit to Drill. Accordingly, Plaintiff Solenex LLC's Motion for Summary Judgment [Dkt. # 156] will be **GRANTED**, the Government's Cross-Motion for Summary Judgment [Dkt. # 164] will be **DENIED**, and intervenors' Motion for Summary Judgment [Dkt. # 162] will be **DENIED**.

An Order consistent with this Memorandum Opinion will issue on this date.

RICHARD J. LEON
United States District Judge